STATE of Arkansas *v.* Frances M. WATSON

CR 91-149                                            820 S.W.2d 59

Supreme Court of Arkansas
Opinion delivered November 25, 1991

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*McCullough Law Firm*, by: *R. S. McCullough* and *Rita F. Bailey*, for appellee.

STEELE HAYS, Justice. Appellee Frances Maudine Watson was charged in Count I of an information with "being a parent, guardian, or person legally charged with the care or custody of a child, she recklessly failed to take action to prevent the abuse of Daniel Toric who is less than eleven years old." Arkansas Code Ann. § 5-27-221(a)(1) (1987). Ms. Watson filed a motion to dismiss Count I, alleging that the state could not prove she was a parent, guardian or person legally charged with the care of Daniel Toric.

At a hearing on the motion, counsel for the state made a proffer of the evidence the state expected to produce at trial, the essence of which was that Daniel's mother was having difficulty

caring for Daniel and two siblings and Daniel began staying in the home of Maudine Watson, a family friend. Ms. Watson asked the Department of Human Services to permit her to keep Daniel and that was granted. Thereafter Ms. Watson assumed the role of a parent to Daniel and that arrangement prevailed for some indeterminate period.

After the hearing the state's proffer the circuit judge ordered Count I of the information dismissed:

> Came the defendant, Francis Watson, and moves this court to dismiss Count I of the information. After considering all matters of law and fact, including proffers of evidence, and arguments of counsels, the court finds the evidence of the state to be insufficient and lacking as proof of the requisite legal relationship or status for the defendant to be guilty of Permitting Child Abuse.

The state brings this appeal pursuant to Ark. R. Crim. P. 36.10(b-c), relying upon a single point of error: The circuit court had no jurisdiction to grant the motion to dismiss the charge against Ms. Watson.

The state cites State v. Jamison, 277 Ark. 349, 641 S.W.2d 719 (1982), which bears marked similarities to the case before us. Jamison was charged with theft. He waived a jury trial and moved to dismiss, arguing that the facts would not constitute theft. Counsel informed the court of the facts, to which the parties stipulated, and the circuit judge ruled the conduct did not amount to a theft. The state appealed and we reversed and remanded. We quote from that opinion:

> The court could have dismissed the charge because it did not state a criminal offense according to the law. (There was no challenge in that regard.) But there is no provision for dismissing a charge because the facts that will be presented do not amount to criminal conduct. Who decides what the facts are? The court was careful to get the parties to agree that the trial had not started, that is, double jeopardy could not be a defense if we reversed his decision. But if the trial had not started, how could facts be determined? The Court could not accept the "facts" unless it assumed the role of the fact finder, a posture he decided

not to do. A.R.Cr.P., Rule 36.10 (Supp. 1981), which allows interlocutory appeals by the state, makes no provision for an appeal from a decision based on what the facts will be. Furthermore, in the crime of theft, there is always the element of intent, which of course has to be decided by the jury, or the court sitting without a jury. Certainly that issue was not resolved.

If the issue were simply whether it is was error for the trial court to dismiss the information because the prospective "facts" do not sustain the charge, the *Jamison* case would be solid precedent for the state's position. But that is not the argument presented on appeal and the reason is apparent—it was not the point preserved for review. To remedy that predicament the state argues that the circuit court lacked jurisdiction to dismiss the appeal, citing *Jamison, supra,* and *Hardcastle* v. *State,* 25 Ark. App. 157, 755 S.W.2d 228 (1988). But neither of those decisions address, nor even mention, jurisdiction.

■ While we agree with the state that it was error to dismiss the subject count of the information based upon a proffer of "facts," we do not agree that the court lacked subject matter jurisdiction. Jurisdiction is the power of the court to hear and determine a cause, including the power to enforce its judgment; it is the power to hear and determine the subject matter in controversy between the parties. *Gland-O-Lac Co.* v. *Creekmore, Judge,* 230 Ark. 919, 327 S.W.2d 558 (1959); *Healey & Roth* v. *Huie, Judge,* 220 Ark. 16, 245 S.W.2d 813 (1952); *Lamb & Rhodes,* v. *Howton,* 131 Ark. 211, 198 S.W. 521 (1917).

The state reasons that in a criminal case fact issues are decided by a jury, which of course is true. But that right is often waived in favor of a trial by the judge sitting as fact finder and jurisdiction does not stand or fall on whether Ms. Watson might have demanded a jury trial—a purely speculative issue at preliminary stages. The circuit court plainly had jurisdiction, irrespective of the type of trial which would later be conducted.

■ We do not suggest the state concurred in any manner to the dismissal of this case. But it is evident the state did not object on the basis now argued. The ground of the state's objection, as we interpret the record, was that the proffered evidence was sufficient to sustain the allegation that Ms. Watson was legally

charged with the care or custody of Daniel Toric. Had the state objected on the ground that the "facts" could be determined only by means of a trial and not by way of a proffer at a pretrial hearing, presumably the error would not have occurred.

Affirmed.