2011 Ark. 45

**STATE of Arkansas, Appellant**

v.

**D.S., Appellee.**

No. 10–360.

Supreme Court of Arkansas.

Feb. 9, 2011.

Dustin McDaniel, Att'y Gen., by: Leaann J. Irvin, Ass't Att'y Gen., for appellant.

James R. Wallace & Assoc., Little Rock, by: Sheri L. Latimer, for appellee.

ROBERT L. BROWN, Justice.

The State brings this appeal challenging the authority of the circuit judge to dismiss the delinquency petition filed against appellee D.S. We treat the State's appeal as a petition for writ of certiorari, and we grant the petition and issue a writ of certiorari to the circuit judge. We direct, on remand, that the order dismissing the case be vacated and that the charge against D.S. be reinstated.

On or about December 24, 2009, in Lowell, D.S. allegedly threatened imminent physical injury to his mother by yelling at her and kicking her and her car. D.S. was later charged in the juvenile division of the Benton County Circuit Court with domestic assault in the third degree. An arraignment hearing was held on December 29, 2009, before the circuit judge, at which time D.S. appeared in person with his mother.

At the arraignment hearing, D.S.'s attorney entered a plea of not guilty on behalf of D.S. and explained that she had gone over the proposed release conditions with D.S. and his mother and asked that the matter be set for an adjudication date. The circuit judge set the adjudication date in this matter for March 8, 2010. The judge then turned to the issue of D.S.'s proposed release before adjudication and questioned the prosecutor's reasoning for recommending D.S.'s release back into the custody of his mother. Debbie Pursley, a probation officer who appeared on behalf of the Juvenile Probation Office, responded that D.S.'s probation officer had spoken to D.S.'s mother over the weekend, and his mother had explained that things were not that bad and agreed to have him come home. Ms. Pursley said, "apparently, this happens a lot when there's assaults. Mom at first is upset and then not so upset. And, so, [his probation officer's] recommendation was to send him home." The circuit judge immediately responded by saying, "Case dismissed. You all are free to go." The prosecuting attorney who was present did not object. An arraignment order dismissing the case was entered on February 4, 2010, and the State now has filed this appeal.

Before addressing the merits of this case, we must first decide whether this appeal is properly before this court. *See State v. Nichols*, 364 Ark. 1, 3, 216 S.W.3d

114, 116 (2005) (supreme court has a duty to raise the issue of the propriety of the State's appeal, even when neither party raises the issue, because it is a matter of subject-matter jurisdiction). In delinquency cases, the State may appeal only under those same circumstances that would permit it to appeal in criminal proceedings. Ark. R.App. P.-Civ. 2(c)(1); *see also* Ark. Code |₃Ann. § 9–27–343(b). This court, in addition, has consistently noted the significant differences between appeals brought by criminal defendants and those brought by the State. *See, e.g., State v. K.H.*, 2010 Ark. 172, 368 S.W.3d 46. The former is a matter of right, whereas the latter is not derived from either the state or federal constitution but is granted pursuant to Rule 3 of the Arkansas Rules of Appellate Procedure—Criminal. *Id.* Accordingly, the State's ability to appeal is strictly limited to those circumstances described in Rule 3. *Id.*

■ This court has recognized an alternative to a Rule 3 State appeal, when, as in the instant case, the State contends that the circuit judge acted without subject-matter jurisdiction. In such a situation, this court may treat the State's appeal as a petition for writ of certiorari, as was done in *State v. Boyette*, 362 Ark. 27, 207 S.W.3d 488 (2005) (citing *State v. Markham*, 359 Ark. 126, 194 S.W.3d 765 (2004)). In *Boyette*, the State appealed the order of the trial court which granted the defendant's motion to correct court costs. The State argued that the trial court lacked jurisdiction to consider the defendant's motion to correct court costs because the motion was filed more than thirty days after the entry of judgment, and, thus, was untimely.[1]

This court held that the trial court was deprived of jurisdiction to proceed after February 11, 2004, when the deadline to file posttrial motions expired. Having determined |₄that the trial court lacked jurisdiction to rule on the defendant's untimely motion, we treated the State's appeal as a petition for writ of certiorari, granted it, and directed that the trial court's order approving the defendant's motion to correct court costs be reversed. *Boyette*, 362 Ark. at 33, 207 S.W.3d at 493. Likewise, in the instant case, we choose to treat the State's appeal as a petition for a writ of certiorari contesting the lack of jurisdiction in the circuit judge to dismiss this case.

■ D.S. first contends that because the State failed to object to the dismissal of this case, the State has failed to preserve the jurisdictional argument for this court's consideration. D.S. is correct that this court has consistently held that issues raised on appeal, including constitutional issues, must first be presented to the circuit court in order to be preserved for appeal. *See, e.g., Davis v. State*, 368 Ark. 401, 409, 246 S.W.3d 862, 869 (2007). The defendant in *Boyette* made a similar argument, when he contended that because the State failed to make its argument to the trial court, this court should not consider it on appeal. We concluded in that case that when the issue is whether the trial court acted in excess of its authority, it becomes a question of subject-matter jurisdiction. *Boyette*, 362 Ark. at 31, 207 S.W.3d at 491. Because jurisdiction is the authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is a defense

---

1. The defendant entered a guilty plea on December 22, 2003; the judgment and disposition order was entered on January 12, 2004. Under Arkansas Rule of Criminal Procedure 33.3(b), the defendant's posttrial motion was due thirty days after the date of entry of judgment, or by February 11, 2004. The defendant, however, did not file his motion to correct costs until February 17, 2004. The trial court granted the defendant's motion on May 18, 2004.

that may be raised at any time by either party, and even for the first time on appeal. *Id.* at 31, 207 S.W.3d at 492 (citing *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001)). Subject-matter jurisdiction also may be raised before this court on its own motion. *Id.*

Because of our jurisprudence on this point, we must now consider whether the issue in this case is one of subject-matter jurisdiction and whether certiorari appropriately lies. The State claims that by dismissing the charge against D.S., the circuit judge acted in excess of his authority, invaded the province of the prosecuting attorney who is part of the executive branch, and, thus, acted in violation of the separation-of-powers doctrine as reflected in article 4, sections 1 and 2 of the Arkansas Constitution. We agree.

The issuance of a writ of certiorari is an appropriate remedy when the trial court lacks jurisdiction or acts in excess of its jurisdiction on the face of the record, or the proceedings before the court are erroneous on the face of the record. *See Markham*, 359 Ark. at 128, 194 S.W.3d at 768 (citing *State v. Dawson*, 343 Ark. 683, 693, 38 S.W.3d 319, 325 (2001)). We addressed an issue similar to the issue at hand in *State v. Hill*, 306 Ark. 375, 811 S.W.2d 323 (1991) (per curiam). In *Hill*, the trial court reduced the charge against the defendant from a felony to a misdemeanor. The State petitioned this court for a writ of certiorari on the basis that the trial court lacked the authority to reduce the charge. Citing amendment 21 to the Arkansas Constitution, which vests the power to bring criminal charges in the prosecutor, we concluded that the trial court encroached upon the prosecutor's constitutional duties and breached the separation-of-powers doctrine when it amended this charge. We, accordingly, issued a writ of certiorari to reverse the trial court's action. *Hill*, 306 Ark. at 376, 811 S.W.2d at 323.

The State makes the same argument in the instant case as was made in *Hill* when it contends that the circuit judge violated the separation-of-powers doctrine by dismissing the charge against D.S. The State's argument is not that the trial court incorrectly exercised its jurisdiction by dismissing the charge against D.S. *See Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998); *Ark. Dep't of Human Servs. v. Circuit Court of Sebastian County*, 363 Ark. 389, 394, 214 S.W.3d 856, 860 (2005).[2] Instead, the State's argument is that the trial court had no authority to dismiss the charge, and in doing so, violated the separation-of-powers doctrine. We

---

2. This court has recognized a distinction between "want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised." *Young*, 331 Ark. at 529, 964 S.W.2d at 786. We described this distinction further, stating:

> Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy.... Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court.

*Id.* Where the issue before the court is whether the trial court correctly interpreted a statute in making its decision, certiorari will not lie. *See Ark. Dep't of Human Servs. v. Circuit Court of Sebastian County, supra* (denying DHS's petition for writ of certiorari where the question before the court was not whether the trial court had the authority to make a placement decision, but whether the placement decision was correct). As stated in this opinion, however, the question before this court in the instant case is not whether the trial court correctly exercised its jurisdiction but whether the trial court had the authority to dismiss the charge against D.S.

believe that the dismissal of charges in the instant case constituted more of a usurpation of prosecutorial authority than occurred in *Hill*. With *Hill* as authority, we view the argument presented by the State as one concerning the judge's complete lack of subject-matter jurisdiction to dismiss the charges against D.S.

As the dissent points out, in *State v. Watson*, 307 Ark. 333, 820 S.W.2d 59 (1991), this court determined that the trial court erred in dismissing criminal charges based upon a proffer of facts; however, we did not hold that the trial court lacked subject-matter jurisdiction to do so. To the extent that *Watson* is inconsistent with today's opinion, we overrule it.

Amendment 21, section 1, of the Arkansas Constitution vests the duty of bringing criminal charges against an accused in the prosecutor or grand jury. This court has held in multiple instances that when the circuit court acts on its own accord to amend or dismiss a charge, it usurps the power of the prosecutor and violates the separation-of-powers doctrine. *See, e.g., State v. Vasquez–Aerreola*, 327 Ark. 617, 940 S.W.2d 451 (1997) (finding that the dismissal of a charge against the defendant, when made by the court over the objection of the State and not on a motion of either party, violated the separation-of-powers doctrine); *State v. Murphy*, 315 Ark. 68, 72, 864 S.W.2d 842, 844 (1993) (holding that where the circuit court dismissed the habitual-offender charges against the defendant over the state's objection, the court usurped the prosecutor's constitutional duties and violated the separation-of-powers doctrine); *State v. Hill, supra* (holding that when the trial court amends an information over the state's objection, the trial court has encroached upon the prosecutor's constitutional duties and breached the separation of powers).

D.S. points out, and the State recognizes, that the juvenile-court system differs from the criminal system for adults. The critical issue in this case is whether Arkansas Code Annotated section 9–27–310(b)(1) of the juvenile code, which delegates the sole authority to file a delinquency petition to the prosecutor, functions in a similar manner to amendment 21 in criminal proceedings. We hold that it does. Under amendment 21 and the Arkansas Juvenile Code, it is the executive branch in the form of the prosecuting attorney who has been granted the authority to bring criminal and delinquency charges. The question then becomes whether the same principles that apply in criminal proceedings with respect to the separation-of-powers doctrine apply to juvenile proceedings, such that a circuit judge who sua sponte dismisses charges against a juvenile violates the separation-of-powers doctrine by usurping the authority of the prosecutor.

Article 4, section 2, of the Arkansas Constitution reads that "[n]o person or collection of persons, being of one of these departments, [the legislative, executive, or judicial,] shall exercise any power belonging to either of the others." This court has explained that the executive branch has the power and responsibility to enforce the laws as enacted and interpreted by the legislative and judicial branches. *See Weiss v. Maples*, 369 Ark. 282, 288, 253 S.W.3d 907, 913 (2007). Thus, regardless of whether the issue arises in the context of juvenile-delinquency proceedings or adult-criminal proceedings, when a member of the judiciary amends or reduces a charge, that judge encroaches on the executive branch's authority to execute and enforce the acts of the legislature and violates the separation-of-powers doctrine. Accordingly, we hold that by dismissing the charge against D.S. sua sponte, the circuit judge in the instant case usurped the prosecutor's constitutional and statutory duties and violated the separation-of-powers doctrine. Lacking the authority to

act in the capacity of the executive branch, the circuit judge lacked subject-matter jurisdiction.

D.S. argues that the juvenile code does not grant the prosecutor the exclusive authority to dismiss a criminal charge, and neither does the Arkansas Constitution. D.S. points to the fact that the Arkansas Constitution only grants the duty of *charging* an accused to the prosecutor or grand jury, but does not contain any provision for *dismissing* charges. As already stated, though, this court has interpreted a sua sponte amendment *or dismissal* of charges by the judge to be in violation of the separation-of-powers doctrine of our constitution and a usurpation of executive-branch authority. *See State v. Vasquez–Aerreola, supra; State v. Murphy, supra.*

D.S. makes a final argument that the State was not permitted to appeal in this case because Rule 3(b) only allows the State to appeal following either a misdemeanor or felony prosecution. D.S. argues that since juveniles are not charged with misdemeanors or felonies, but instead with acts that would constitute a crime if committed by an adult, there is no provision in Rule 3(b) that would permit a State appeal in a juvenile case. He further argues that the Arkansas legislature did not intend that juvenile cases should be able to be appealed by the State. Because we are treating the State's appeal as a petition for a writ of certiorari rather than an appeal under Rule 3, we need not address D.S.'s arguments on this point.[3]

We grant the State's petition for writ of certiorari and direct that, on remand, the trial court's order dismissing the charge of domestic assault in the third degree against D.S. be vacated and that the charge be reinstated.

BAKER and HENRY, JJ., dissent.

KAREN R. BAKER, Justice, dissenting.

The ultimate question presented in this case is whether the circuit court lacked subject-matter jurisdiction. It did not. The majority characterizes the circuit court's dismissal of claims that were properly before the court as a lack of subject-matter jurisdiction, which completely dilutes our jurisprudence regarding subject-matter jurisdiction. The State attempts to couch the issue as one of jurisdiction to avoid the fact that no objection was made below, which would have been necessary to preserve this issue for our review as a Rule 3 appeal.[1]

In considering whether the instant facts present an alternative to a Rule 3 appeal, the majority relies on *State v. Boyette*, 362 Ark. 27, 207 S.W.3d 488 (2005). *Boyette* is distinguishable because there the trial court erred in considering a motion after the deadline for filing posttrial motions had passed. *Id.* Further, even if the motion was properly made, the court ruled on the motion after the motion had been deemed denied under Ark. R.Crim. P. 33.3(c). *Id.* It is one thing to assert that a court lost jurisdiction by deciding the controversy outside the time constraint

---

3. We do note that this court has entertained and permitted State appeals in several juvenile cases. *See State v. K.B.*, 2010 Ark. 228, 379 S.W.3d 471; *State v. L.P.*, 369 Ark. 21, 250 S.W.3d 248 (2007). Furthermore, the Arkansas Rules of Appellate Procedure—Civil and the Juvenile Code both permit State appeals in juvenile cases, to the same extent as permitted by Rule 3 of the Arkansas Rules of Appellate Procedure—Criminal. *See* Ark.

R.App. P.-Civ. 2(c)(1); *see also* Ark.Code Ann. § 9–27–343(b).

1. The majority reaches the conclusion that the circuit court lacked subject-matter jurisdiction, granting a writ of certiorari as a remedy, remarkably without deciding whether the State could bring this appeal under Rule 3 of the Arkansas Rules of Appellate Procedure. *See* Ark. R.App. P.-Civ. 2(c)(1) (2010) and Ark. R.App. P.-Crim. 3(b) & (c) (2010).

imposed by statute, thereby relinquishing jurisdiction, and quite another to hold that a court erred in exercising authority over parties and a subject matter that are properly before it.

Looking at the pleadings filed in this case, the circuit court plainly had subject-matter jurisdiction to address the matter. *See, e.g., State v. Watson,* 307 Ark. 333, 820 S.W.2d 59 (1991). In *Watson,* we determined that while the trial court erred in dismissing the information based upon a proffer of facts at a pretrial hearing, the trial court did not lack jurisdiction over the subject matter. *Id.* "Jurisdiction is the power of the court to hear and determine a cause, including the power to enforce its judgment; it is the power to hear and determine the subject matter in controversy between the parties." *Id.* at 335, 820 S.W.2d at 60.

This court in *Watson* refused to allow the State to use lack of jurisdiction as a means to reach an issue to which the State failed to object below; however, now the majority allows the State to do just the thing that we opposed in *Watson.* Where we have heretofore sought to maintain the line between complete want of jurisdiction and error in the exercise of jurisdiction properly conferred, the decision in this case blurs that line and continues an erosion in our interpretation of the concept of subject-matter jurisdiction. *See Arkansas Dep't of Human Servs. v. Circuit Court of Sebastian County,* 363 Ark. 389, 214 S.W.3d 856 (2005); *Young v. Smith,* 331 Ark. 525, 964 S.W.2d 784 (1998); *Lamb & Rhodes v. Howton,* 131 Ark. 211, 198 S.W. 521 (1917).

Accordingly, I dissent.

HENRY, J., joins.