SLIP OPINION

Cite as 2017 Ark. 219

# SUPREME COURT OF ARKANSAS

**No.** CV-16-600

| | |
|---|---|
| CITY OF LITTLE ROCK, ARKANSAS<br>APPELLANT | **Opinion Delivered:** June 8, 2017 |
| V. | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT<br>[60CV-14-2065] |
| CIRCUIT COURT OF PULASKI<br>COUNTY<br>APPELLEE | HONORABLE TIMOTHY DAVIS<br>FOX, JUDGE |
| | AFFIRMED IN PART; DISMISSED<br>IN PART. |

**ROBIN F. WYNNE, Associate Justice**

The City of Little Rock (City) appeals from orders of the Pulaski County Circuit Court imposing a $10,000 fine for violations of Arkansas Rule of Civil Procedure 11 and finding the City in contempt for failure to pay the fine within the time prescribed. The City argues that the imposition of Rule 11 sanctions and the finding of contempt constitute a plain, manifest, and gross abuse of discretion. We affirm in part and dismiss in part.

In May 2014, Tiffany Malone sued the City and various officials in the Little Rock Police Department (LRPD) for gender discrimination and retaliation. In November 2015, the circuit court entered a scheduling order setting trial for May 4–6, 2016. The order set a pretrial hearing for April 4, 2016. Discovery was required to be completed sixty days prior to the pretrial date. On February 26, 2016, the City filed a motion to continue the jury trial, citing medical issues experienced by the City's counsel assigned to the case. The motion was denied. The City filed a second, more detailed motion for continuance that

included medical records attached as exhibits on March 8, 2016. The circuit court denied the second motion. On March 30, 2016, the City filed a motion to reconsider the rulings on the first and second motions for continuance.

On April 21, 2016, the City filed a motion to continue jury trial and request a new scheduling order. In the motion, the City alleged that Ms. Malone had identified in her witness list any person identified in interrogatories or deposed in her case and three other similar cases against LRPD that had been filed and were undergoing discovery. The City requested a continuance to review the discovery in the other cases. The City filed a separate concurrent motion in which it requested that it be granted either (1) a continuance or (2) permission to file a motion in limine regarding Ms. Malone's witness list.

On April 25, 2016, the circuit court entered an order regarding the City's April 21, 2016 motion to continue jury trial and request a new scheduling order. In the order, the circuit court states that, at the pretrial hearing on April 4, 2016, counsel for the City made statements indicating that she had not "properly and professionally prepared the case for trial" and that she had "failed and refused" to comply with the scheduling order. The circuit court found that the City had willfully refused to comply with the scheduling order, necessitating that the scheduled jury trial be continued. The circuit court further found that the willful actions of the City in failing to comply with the scheduling order and in filing repeated motions for a continuance was a violation of Rule 11 of the Arkansas Rules of Civil Procedure. The circuit court assessed a penalty of $10,000 and ordered the City to pay the penalty within ten calendar days.

SLIP OPINION

On May 3, 2016, the City filed a motion to set aside the sanction, in which it argued that the circuit court had failed to comply with the requirements of Rule 11. The next day, the City filed a motion to stay the sanction pending consideration of the motion to set aside. The circuit court denied both motions in an order entered on May 9, 2016. Also on May 9, 2016, the circuit court issued an order requiring the Little Rock City Manager to appear and show cause why the City should not be held in contempt for failure to pay the penalty within ten days. On May 12, 2016, the City filed a notice of payment of fine and motion to cancel show-cause hearing as moot to which it attached a receipt reflecting that it had paid the $10,000 penalty on that date. The show-cause hearing was held on May 16, 2016. On May 20, 2016, the circuit court entered an order in which it found the City in contempt and stated that it could cure its contempt by requiring the city attorney to attend at least five additional hours of continuing legal education on the specific topics of law-office case management and/or docketing and control and one additional ethics hour. The circuit court further stated that, if the City failed to purge the contempt by January 13, 2017, the defendants' answer would be stricken and default judgment as to liability would be entered in favor of Ms. Malone. On June 6, 2016, the City filed a notice of appeal from both the April 25, 2016 order and the May 20, 2016 order.

Appellee argues that the notice of appeal is untimely as to the April 25 order because it was filed more than thirty days after that order was entered. We disagree. Pursuant to Arkansas Rule of Appellate Procedure–Civil 4(b)(1) (2016), the filing of a motion to vacate, alter, or amend a judgment made no later than ten days after the entry of the judgment extends the time to file a notice of appeal to thirty days after the entry of an order disposing

of the motion. The City filed a motion to set aside the sanction imposed in the April 25 order on May 3, which was within ten days. The circuit court denied the motion on May 9. The City filed its notice of appeal on June 6, which was within thirty days of the May 9 order. Thus, the notice was timely as to the April 25 order. Additionally, there is no dispute that the notice of appeal is timely as to the May 20 contempt order. An appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment. Ark. R. App. P.–Civ. 2(b) (2016). We have held that an appeal from a contempt order also brings up for review the order or orders on which the contempt is based. *Young v. Young*, 316 Ark. 456, 872 S.W.2d 856 (2004). Therefore, the April 25 order is properly before us.

Having determined that the April 25 order is properly before us, we must now determine whether the City's payment of the $10,000 sanction renders an appeal from the April 25 order moot. We hold that it does.[1] If the payment of a judgment is voluntary, the case is moot, but if the payment is involuntary, the appeal is not precluded. *Reynolds Health Care Servs., Inc. v. HMNH, Inc.*, 364 Ark. 168, 217 S.W.3d 797 (2005). In determining whether a payment was voluntary or involuntary, one of the most important factors to consider is whether the payor was able to file a supersedeas bond at the time the judgment was satisfied. *Id.* Here, the City filed a motion to stay the sanctions while the motion to

---

[1] In stating that the payment of the penalty does not render the appeal from the April 25 order moot, the dissent cites *Thompson v. State*, 2016 Ark. 383, 503 S.W.3d 362. In that case, an attorney appealed from a contempt sanction of one day in jail after he had served his sentence. *Thompson* involved the conviction of an attorney for contempt, which served as the basis for this court's holding that the completion of his sentence did not moot his subsequent appeal, and is thus inapplicable to the case at bar.

set aside was under consideration. Once the motion to reconsider was denied, the City

never requested a supersedeas pending an appeal of the April 25 order.[2] Instead, the City

paid the sanction on May 12, without ever requesting that the circuit court issue a

supersedeas, hold the check pending resolution of an appeal of the April 25 order, or

anything else. It simply paid the penalty. It is evident that the payment was intended as a

resolution of the matter, as the City, immediately upon making the payment, requested that

the circuit court cancel the show-cause hearing as moot. The City voluntarily paid the

penalty in order to avoid a contempt finding; however, the attempt was unsuccessful. In

sum, the payment by the City was voluntary, and the appeal from the April 25, 2016 order

is accordingly dismissed as moot.[3]

The City also challenges the May 20 order finding it in contempt. That order found

the City in contempt for failing to timely pay the Rule 11 penalty and stated that the City

---

[2] Although the April 25 order was not directly appealable, *see Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 437 S.W.3d 119, we note that the City never attempted to file a petition for extraordinary writ or take any action to obtain review of the April 25 order prior to paying the penalty.

[3] The dissent contends that the appeal from the April 25 order is not moot because the circuit court lacked the authority to impose the Rule 11 sanction. The issue of subject-matter jurisdiction in this instance does not affect mootness, however, because the argument regarding subject-matter jurisdiction is that the circuit court lacked the authority to impose a *monetary* sanction, not that the circuit court lacked the authority to impose *any* sanction under Rule 11. Thought of in terms of a criminal conviction, the point can be explained as follows: if a conviction is obtained in excess of the court's subject-matter jurisdiction, the fact that the sentence has already been served potentially does not moot the issue because the conviction itself still remains; however, if the allegation is that the sentence, and not the conviction, is what makes the court's action illegal, the fact that the sentence has already been served renders the argument moot. *See Bradford v. State*, 2011 Ark. 494 (per curiam) (holding that a challenge to a sentence that had already passed was moot). Likewise, here, the fact that the penalty has been paid renders any argument that the circuit court lacked the authority to impose that particular penalty moot.

could purge itself of the contempt by requiring the city attorney to obtain additional continuing-legal-education credits. The contempt was civil in nature, as the City could purge itself of the contempt by performing the act specified by the circuit court. *See Ark. Dep't of Health and Human Servs. v. Briley*, 366 Ark. 496, 237 S.W.3d 7 (2006).[4] Our standard of review in civil contempt proceedings is whether the finding of the circuit court is clearly against the preponderance of the evidence. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004).

The April 25 order required the City to pay the $10,000 penalty within ten calendar days. It is undisputed that the City did not pay the penalty until May 12, 2016, which was more than ten calendar days after the April 25 order had been entered. In arguing that the May 20 order should be reversed, the City argues that the circuit court failed to comply with the requirements of Rule 11 in imposing the sanction in the April 25 order.[5] The City presents no argument that would allow us to reverse the May 20 order that is independent of the April 25 order. However, where a party is held in contempt for failure or refusal to abide by a judge's order, the reviewing court will not look behind the order to determine whether it is valid. *Conlee v. Conlee*, 370 Ark. 89, 97, 257 S.W.3d 543, 551

---

[4] The May 20 order states that "the defendant City of Little Rock may cure its contempt of court" by requiring the City Attorney to attend the specified continuing-legal-education classes and, in so doing, avoid having its answer to Malone's complaint struck.

[5] The dissent makes the argument that there is no basis for a contempt citation against the City Attorney because he was not personally responsible for anything that occurred. First, the City made no such argument to this court. An appellate court will not make a party's argument for them or consider an argument that is not properly developed. *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008). Second, the City Attorney was not held in contempt; the City was. The May 20 order states that the City can cure *its* contempt by requiring the City Attorney to complete the continuing-legal-education hours.

(2007).[6]  Further, as discussed above, the City's appeal from the April 25 order was mooted by its payment of the penalty.  Because the City clearly failed to abide by the April 25 order of the circuit court and we cannot review that order as a result of the City's paying the penalty, the finding of contempt was not clearly against the preponderance of the evidence.  The May 20, 2016 order is affirmed.[7]

Affirmed in part; dismissed in part.

KEMP, C.J., and BAKER, J., concur.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I cannot agree that any part of this case should be affirmed.  The circuit judge had absolutely no authority under Arkansas Civil Procedure Rule 11 to impose the original sanction.  Moreover, assuming—without conceding—that the circuit court had subject matter jurisdiction to impose a sanction under Rule 11, the circuit court erred by imposing the sanction against the City of Little Rock

---

[6] The dissent refers to the citation to *Conlee* as a "gross error of law."  The dissent has apparently failed to grasp why the citation is present.  We agree that the City appealed from both the April 25 order and the May 20 and that *Conlee* involved an unappealed divorce decree.  However, the appeal from the April 25 order was mooted by the payment of the penalty, as discussed above.  *Conlee* is applicable because, the appeal from the April 25 order having been mooted by the City's voluntary action, the holding in that case explains why the appeal from the May 20 order does not provide an independent basis for this court to review the April 25 order.

[7] While the dissent chooses to baselessly accuse us of failing to discharge our duties by rendering our decision, we would endeavor to remind the dissent, again, that the City chose to pay the $10,000 penalty instead of seeking appellate review.  It created the circumstance that mooted its appeal from the April 25 order.  It also chose to present arguments regarding the May 20 order that do not permit reversing it independent of the April 25 order.  Being this state's highest court does not imbue us with the authority to simply do as we please, heedless of the facts and arguments presented.

SLIP OPINION

without the notice required under the rule. Further, I dispute that the payment of the $10,000 fine supports this court's finding of fact that it was "intended as a resolution of the matter," simply because it was paid. Finally, I cannot even conceive of how the events that transpired in this case can justify a finding that the Little Rock City Attorney was in contempt.

First, Rule 11 does not give the circuit judge any authority whatsoever to impose sanctions for filing a motion for a continuance or telling the circuit judge that you are having difficulty preparing for trial. The purpose of Rule 11 is to hold the persons signing pleadings and other papers filed with the court accountable for the veracity and legal validity of the allegations contained therein. While it is true that the attorney of record in this case filed four continuances, she alleged each time that she was experiencing difficulty in meeting deadlines because of "issues" relating to her cancer. All of her motions were unopposed, except for the last one, and even the circuit judge did not question the attorney's veracity with concerning her severe health problems.

With regard to the fourth continuance that she filed, which was opposed, at the hearing on the motion, it was revealed that the plaintiff herself had not completed all of the scheduled requirements that the circuit judge had imposed on the parties. In any event, it was the deputy city attorney who was experiencing health problems that hindered her ability to complete discovery. Nonetheless, the attorney for the City of Little Rock never stated that she would be unable to go to trial on the scheduled date. However, whether the attorney was fully prepared for trial is outside the scope of the conduct that Rule 11 was intended to regulate. The plain text of Rule 11 proves this point:

8

SLIP OPINION

RULE 11. SIGNING OF PLEADINGS, MOTIONS, AND OTHER PAPERS; SANCTIONS

(a) Signature. Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his or her individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his or her pleading, motion, or other paper and state his or her address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit.

(b) Certificate. The signature of an attorney or party constitutes a certificate by the signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) the pleading, motion, or other paper is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support;

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information;

(5) when a party's claim or affirmative defense may only be established in whole or in part by expert testimony, the party has consulted with at least one expert, or has learned in discovery of the opinion of at least one expert, who (I) is believed to be competent under Ark. R. Evid. 702 to express an opinion in the action and (ii) concludes on the basis of the available information that there is a reasonable basis to assert the claim or affirmative defense; and

(6) the pleading, motion, or other paper complies with the requirements of Rule 5(c)(2) regarding redaction of confidential information from case records submitted to the court.

(c) Sanctions. (1) If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon any attorney or party who violated this rule an appropriate sanction.

(2) Sanctions that may be imposed for violations of this rule include, but are not limited to:

(A) an order dismissing a claim or action;

(B) an order striking a pleading or motion;

(C) an order entering judgment by default;

(D) an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee;

(E) an order to pay a penalty to the court;

(F) an order awarding damages attributable to the delay or misconduct;

(G) an order referring an attorney to the Supreme Court Committee on Professional Conduct or the appropriate disciplinary body of another state.

(3) The court's order imposing a sanction shall describe the sanctioned conduct and explain the basis for the sanction. If a monetary sanction is imposed, the order shall explain how it was determined.

(4) The court shall not impose a monetary sanction against a represented party for violating subdivision (b)(2), on its own initiative, unless it issued the show-cause order under subdivision (c)(6) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(5) A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

(6) On its own initiative, the court may order an attorney or party to show cause why conduct specifically described in the order has not violated subdivision (b). The order shall afford the attorney or party a reasonable time to respond, but not less than 14 days.

Accordingly, the circuit judge acted wholly without authority to impose the Rule 11 Sanction on anyone, much less the City of Little Rock, which was the represented party.

This case is like *Standridge v. State*, 2014 Ark. 515, 452 S.W.3d 103. The *Standridge* court reversed and dismissed a criminal conviction under Arkansas Code Annotated section 9-15-207 for violating an order of protection because the State had charged Standridge under a noncriminal statute. We reasoned,

> A circuit court has subject-matter jurisdiction of all justiciable matters not otherwise assigned pursuant to the constitution. Ark. Const. amend. 80, § 6. Jurisdiction is the power of the court to hear and determine a cause, including the power to enforce its judgment; it is the power to hear and determine the subject matter in controversy between the parties. *State v. Watson*, 307 Ark. 333, 335, 820 S.W.2d 59, 60 (1991), *overruled on other grounds by State v. D.S.*, 2011 Ark. 45, 378 S.W.3d 87. Because jurisdiction is the authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is a defense that may be raised by this court on its own motion. *D.S.*, 2011 Ark. 45, at 4, 378 S.W.3d at 89–90

*Standridge*, 2014 Ark. 515, at 10, 452 S.W.3d at 110. The *Standridge* court relied in part on the case of *Duncan v. Kirby*, 228 Ark. 917, 920–21, 311 S.W.2d 157, 160 (1958), in which we held that the trial court lacked jurisdiction to try the defendant on the charge of disobeying a United States Army officer because there was no statute criminalizing such conduct. 2014 Ark. 515, at 11, 452 S.W.3d at 110. In the case before us, because the conduct by Little Rock's attorney did not in any way constitute a violation of Rule 11, the circuit court was wholly without subject-matter jurisdiction to impose the sanction. On this basis alone, the sanction and the subsequent contempt should have been reversed and dismissed. Even if the City of Little Rock had not raised this argument—and it clearly argued below and on appeal that the circuit court lacked the authority to impose the

SLIP OPINION

sanction—subject-matter jurisdiction is an issue that we are required to raise on our own. *Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998).

The majority seems to concede that the circuit judge did not have the authority under Rule 11 to sanction the behavior on the part of the deputy Little Rock Attorney. However, it excuses it because, in the words of the majority, the circuit judge was only acting in "excess" of his jurisdiction. This is the kind of logic that made the novels of Lewis Carroll so delightful. It is reminiscent of a passage in *Alice in Wonderland*:

> "Take some more tea," the March Hare said to Alice very earnestly." "I've had nothing yet," Alice replied in an offended tone, "so I can't take more." "You mean you can't take *less*," said the Hatter: "it's very easy to take *more* than nothing."

In the case before us, the circuit judge had absolutely no authority to impose Rule 11 sanctions for the conduct in this case, so in the logic of the March Hare, everything the circuit judge did was in *excess* of his jurisdiction. Such logic makes lively children's stories and poor judicial opinions.

It is worth noting further, if only for the sake of thoroughness, that even if the conduct that the circuit judge punished actually did violate a provision of Rule 11, the manner in which it was imposed violated the rule's notice requirement for imposing a sanction on a party—here, the City of Little Rock. Although a circuit court has authority under Rule 11(c)(6) to sanction an attorney or party on its own motion, it must issue a show-cause order affording the attorney or party "a reasonable time to respond, but not less than 14 days." Further, under subdivision (c)(4), Rule 11 prohibits imposing "a monetary sanction against a represented party for violating subdivision (b)(2), on its own initiative, unless it issued the show-cause order under subdivision (c)(6)." That was not done here.

In addition to violating the very rule that the circuit court purported to be acting under, this court has held that imposition of sanctions without proper notice must be set aside. *Thompson v. State*, 2016 Ark. 383, 503 S.W.3d 62.[1] The sanction should be set aside even if the penalty has been satisfied. *Id*. Thus the sanction against the City of Little Rock must be set aside.

I am mindful that the majority relies on *Conlee v. Conlee*, 370 Ark. 89, 257 S.W.3d 543 (2007), for the proposition that the circuit court's unlawful Rule 11 sanction is not reviewable. This is a gross error of law. It is true that the *Conlee* court did say that "the reviewing court will not look behind the order to determine whether it is valid." However, the underlying order in *Conlee* was a divorce decree that was not appealed. In the case before us, the City of Little Rock not only appeals the contempt, but also timely appeals the validity of the unlawful Rule 11 sanction. In my view, not considering the City of Little Rock's argument, which has led me to the inevitable conclusion that the order imposing Rule 11 sanctions is void, is a failure to discharge our duties as not only an appellate court, but as the supreme court of this state, charged by the Arkansas Constitution with superintending authority over all of the inferior courts.

This corollary to the rule that the reviewing court will not look behind the order upon which a contempt is based was discussed at length in *Johnson v. Johnson*, 343 Ark. 186, 33 S.W.3d 492 (2000). The *Johnson* court acknowledged the general rule, "Where a person is held in contempt for failure or refusal to abide by a judge's order, the reviewing court

---

[1] The majority's disparagement of my reliance on *Thompson* demonstrates its shallow, if not nonexistent understanding of due process.

does not look behind the order to determine whether it is valid." 343 Ark. at 197, 33 S.W.3d at 499. Nonetheless, the *Johnson* court goes on to say, "However, if the contemnor was making a legitimate and successful challenge to the validity of the order, we may look beneath the order and recognize substantive error as a defense to contempt." *Id*. The case before us involves just such a challenge to the validity of the order, and we are obligated to "recognize substantive error." *Id*.

The majority further errs when it holds that payment of the sanction by the City of Little Rock has made the issue of the validity of the sanction. As noted previously, the circuit court lacked subject-matter jurisdiction to impose the sanction. A court that acts without subject-matter jurisdiction or in excess of its jurisdiction produces a result that is void and cannot be enforced. *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, 385 S.W.3d 797. The parties to an action may not confer subject-matter jurisdiction on a court. *Vanderpool v. Fid. & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997).

Furthermore, the majority has failed to acknowledge that the so-called "voluntary" payment was made by the City of Little Rock only after the circuit court denied its motion to reconsider and, more importantly, after the circuit court had issued an "Order to Appear and Show Cause why the defendant Little Rock should not be cited with contempt for failure to comply with the April 25, 2016 Order." The majority is absolutely correct that this case is controlled by *Reynolds Health Care Services, Inc. v. HMNH, Inc.*, 364 Ark. 168, 217 S.W.3d 797 (2005). However, the majority fails to understand that *Reynolds* stands for a proposition that is diametrically opposed to what it somehow hopes *Reynolds* will support.

14

The *Reynolds* court held that an appeal was *not moot* when the appellant had paid a judgment after a writ of execution was issued. *Id.* Further, the standard announced in *Reynolds* was not whether the payment was "voluntary," rather the payment had to be "*purely* voluntary. The case before us is clearly analogous. When the City of Little Rock tendered the $10,000 check, the city manager, Bruce Moore, who is merely the hired day-to-day manager of the City of Little Rock's business affairs, faced being sanctioned by a circuit judge who had repeatedly demonstrated that he would not be bound by the plain text of a rule promulgated by the Supreme Court of Arkansas. I find it remarkable that this court would think that a decision to pay an unlawful sanction was "voluntary." The payment personally cost the city's employee none of his own money, whereas refusing to pay the sanction would have cost him his own precious liberty. Accordingly, there is nothing purely voluntary in the Little Rock City manager authorizing payment of the sanction.

The majority has attached inordinate significance to fact that the City of Little Rock did not file a supersedes bond. A Rule 11 sanction is not the same as a court judgment. It is not surprising that the majority has not cited a single case in which a circuit court order imposing a Rule 11 sanction has been levied and executed on. My research has discovered none. Moreover, the *Reynolds* court held that failure to file a bond is not singularly dispositive or whether payment was voluntary:

> Admittedly, RHCS did not post a supersedeas bond in this case. However, while the posting of a bond is "one of the most important factors to be considered" in determining whether a judgment has been satisfied voluntarily, the court must still consider as an additional factor the fact that the judgment was only satisfied as the result of the sheriff's levying a writ of execution on RHCS's property. Given that the

satisfaction of the judgment in this case was not a purely voluntary act on RHCS's part, but was instead the result of a writ of execution, we decline to dismiss RHCS's appeal.

364 Ark. at 183, 217 S.W.3d at 809.

Finally, assuming, *arguendo*, that the circuit court had the authority to impose a $10,000 sanction against the City of Little Rock, there is no legal basis for a contempt sanction on the Little Rock City Attorney. He signed none of the motions for continuance that so irrationally offended the circuit judge. He did not make a late tender of the $10,000 check that was imposed directly against the City of Little Rock. All he did was make a timely and very well-supported motion to reconsider imposing the sanction. For his effort he was held in criminal contempt and sanctioned, despite not having been personally served with a motion to show cause. The contempt finding should be dismissed.

The majority is simply wrong when it characterizes the contempt imposed on City Attorney Thomas Carpenter as "civil" rather than "criminal" contempt. In *Ivy v. Keith*, 351 Ark. 269, 92 S.W.3d 671 (2002), this court stated that in determining whether a particular action by a judge constitutes criminal or civil contempt, the focus is on the character of relief rather than the nature of the proceeding. Civil contempt is designed to coerce compliance with the court's order, so the civil contemnor may purge the contempt by complying with the order. *Id.* Criminal contempt, by contrast, carries an unconditional penalty, and the contempt cannot be purged. *Id.* In the case before us, imposing the penalty on the Little Rock City Attorney was unconditional—it only set a time limit for serving his sentence.

Significantly, the *Ivy* court held that when the circuit judge imposed criminal contempt sanctions on an attorney for failing to pay Rule 11 sanctions, he " plainly, manifestly, and grossly abused his discretion." I can see no meaningful distinction between *Ivy* and the case before us.

I therefore respectfully dissent.

*Thomas M. Carpenter*, Office of the City Attorney, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Colin R. Jorgensen*, Ass't Att'y Gen., for appellee.