Josephine Linker Hart, Justice, dissenting. I cannot agree that any part of this case should be affirmed. The circuit judge had absolutely no authority under Arkansas Civil Procedure Rule 11 to impose the original sanction. Moreover, assuming— without conceding—that the circuit court had subject matter jurisdiction to impose a sanction under Rule 11, the circuit court erred by imposing the sanction against the City of Little Rock [8without the notice required under the rule. Further, I dispute that the payment of the $10,000 fine supports this court’s finding of fact that it was “intended as a resolution of the matter,” simply because it was paid. Finally, I cannot even conceive of how the events that transpired in this case can justify a finding that the Little Rock City Attorney was in contempt. First, Rule 11 does not give the circuit judge any authority whatsoever to impose sanctions for filing a motion for a continuance or telling the circuit judge that you are having difficulty preparing for trial. The purpose of Rule 11 is to hold the persons signing pleadings and other papers filed with the court accountable for the veracity and legal validity of the allegations contained therein. While it is true that the attorney of record in this case filed four continuances, she alleged each time that she was experiencing difficulty in meeting deadlines because of “issues” relating to her cancer. All of her motions were unopposed, except for the last one, and even the circuit judge did not question the attorney’s veracity with concerning her severe health problems. With regard to the fourth continuance that she filed, which was opposed, at the hearing on the motion, it was revealed that the plaintiff herself had not completed all of the scheduled requirements that the circuit judge had imposed on the parties. In any event, it was the deputy city attorney who was experiencing health problems that hindered her ability to complete discovery. Nonetheless, the attorney for the City of Little Rock never stated that she would be unable to go to trial on the scheduled date. However, whether the attorney was fully prepared for trial is outside the scope of the conduct that Rule 11 was intended to regulate. The plain text of Rule 11 proves this point: J^RULE 11. SIGNING OF PLEADINGS, MOTIONS, AND OTHER PAPERS; SANCTIONS (a) Signature. Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his or her individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his or her pleading, motion, or other paper and state his or her address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. (b) Certifícate. The signature of an attorney or party constitutes a certificate by the signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) the pleading, motion, or other paper is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have eviden-tiary support; (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information; (5) when a party’s claim or affirmative defense may only be established in whole or in part by expert testimony, the party has consulted with at least one expert, or has learned in discovery of the opinion of at least one expert, who (I) is believed to be competent under Ark. R. Evid. 702 to express an opinion in the action and (ii) concludes on the basis of the available information that there is a reasonable basis to assert the claim or affirmative defense; and (6) the pleading, motion, or other paper complies with the requirements of Rule 5(c)(2) regarding redaction of confidential information from case records submitted to the court. (c) Sanctions. (1) If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon any attorney or party who violated this rule an appropriate sanction. I m(2) Sanctions that may be imposed for violations of this rule include, but are not limited to: (A) an order dismissing a claim or action; (B) an order striking a pleading or motion; (C) an order entering judgment by default; (D) an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney’s fee; (E) an order to pay a penalty to the court; (F) an order awarding damages attributable to the delay or misconduct; (G) an order referring an attorney to the Supreme Court Committee on Professional Conduct or the appropriate disciplinary body of another state. (3) The court’s order imposing a sanction shall describe the sanctioned conduct and explain the basis for the sanction. If a monetary sanction is imposed, the order shall explain how it was determined. (4) The court shall not impose a monetary sanction against a represented party for violating subdivision (b)(2), on its own initiative, unless it issued the show-cause order under subdivision (c)(6) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned. (5) A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney’s fees incurred in presenting or opposing the motion. (6) On its own initiative, the court may order an attorney or party to show cause why conduct specifically described in the order has not violated subdivision (b). The order shall afford the attorney or party a reasonable time to respond, but not less than 14 days. | nAccordingly, the circuit judge acted wholly without authority to impose the Rule 11 Sanction on anyone, much less the City of Little Rock, which was the represented party. This case is like Standridge v. State, 2014 Ark. 515, 452 S.W.3d 103. The Stand-ridge court reversed and dismissed a criminal conviction under Arkansas Code Annotated section 9-15-207 for violating an order of protection because the State had charged Standridge under a noncriminal statute. We reasoned, A circuit court has subject-matter jurisdiction of all justiciable matters not otherwise assigned pursuant to the constitution. Ark. Const, amend. 80, § 6. Jurisdiction is the power of the court to hear and determine a cause, including the power to enforce its judgment; it is the power to hear and determine the subject matter in controversy between the parties. State v. Watson, 307 Ark. 333, 335, 820 S.W.2d 59, 60 (1991), overruled on other grounds by State v. D.S., 2011 Ark. 45, 378 S.W.3d 87. Because jurisdiction is the authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is a defense that may be raised by this court on its own motion. D.S., 2011 Ark. 45, at 4, 378 S.W.3d at 89-90 Standridge, 2014 Ark, 515, at 10, 452 S.W.3d at 110. The Standridge court relied in part on the case of Duncan v. Kirby, 228 Ark. 917, 920-21, 311 S.W.2d 157, 160 (1958), in which we held that the trial court lacked jurisdiction to try the defendant on the charge of disobeying a United States Army officer because there was no statute criminalizing such conduct. 2014 Ark. 515, at 11, 452 S.W.3d at 110. In the case before us,, because' the conduct by Little Rock’s attorney did not in any way constitute a violation of Rule 11, the circuit court was wholly without subject-matter jurisdiction to impose the sanction. On this basis alone, the sanction and the subsequent contempt should have been reversed and dismissed. Even if the City of Little Rock had not raised this argument—and it clearly argued below and on appeal that the circuit court lacked the authority to impose the | ^sanction—subject-matter jurisdiction is an issue that we are required to raise on our own. Hoyle v. Faucher, 334 Ark. 529, 975 S.W.2d 843 (1998). The majority seems to concede that the circuit judge did not have the authority under Rule 11 to sanction the behavior on the part of the deputy Little Rock Attorney, However, it excuses it because, in the words of the majority, the circuit judge was only acting in “excess” of his jurisdiction. This is the kind of logic that made the novels of Lewis Carroll so delightful. It is reminiscent of a passage in Alice in Wonderland: “Take some more tea,” the March Hare said to Alice very earnestly.” “I’ve had nothing yet,” Alice replied in an offended tone, “so I can’t take more.” “You mean you can’t take less,” said the Hatter: “it’s very easy to take more than nothing.” In the case before us, the circuit judge had absolutely no authority to impose Rule 11 sanctions for the conduct in this case, so in the logic of the March Hare, everything the circuit judge did was in excess of his jurisdiction. Such logic makes lively children’s stories and poor judicial opinions. It is worth noting further, if only for the sake of thoroughness, that' even if the conduct that the circuit judge punished actually did violate a provision of Rule 11; the manner in which it was imposed violated the rule’s notice requirement for imposing a sanction on a-party—here, the City of Little Rock. Although a circuit court has authority under Rule 11(c)(6) to sanction an attorney or party on its own motion, it must issue a show-cause order affording the attorney or party “a reasonable time to respond, but not less than 14 days.” Further, under subdivision (c)(4), Rule 11 prohibits imposing “a monetary sanction against a represented party for violating subdivision (b)(2), on its own initiative, unless it issued the show-cause order under subdivision (c)(6).” That was not done here. haIn addition to violating the very rule that the circuit court purported to be acting under, this court has held that imposition of sanctions without proper notice must be set aside. Thompson v. State, 2016 Ark. 383, 603 S.W.3d 62.[1] The sanction should be set aside even if the penalty has been satisfied. Id. Thus the sanction against the City of Little Rock must be set aside. I am mindful that the majority relies on Conlee v. Conlee, 370 Ark. 89, 257 S.W.3d 543 (2007), for the proposition that the circuit court’s unlawful Rule 11 sanction is not reviewable. This is a gross error of law. It is true that the Conlee court did say that “the reviewing court will not look behind the order to determine whether it is valid.” However, the underlying order in Conlee was a divorce decree that was not appealed. In the ease before us, the City of Little Rock not only appeals the contempt, but also timely appeals the validity of the unlawful Rule 11 sanction. In my view, not considering the City of Little Rock’s argument, which has led me to the inevitable conclusion that the order imposing Rule 11 sanctions is void, is a failure to discharge our duties as not only an appellate court, but as the supreme court of this state, charged by the Arkansas Constitution with superintending authority over all of the inferior courts. This corollary to the rule that the reviewing court will not look behind the order upon which a contempt is based was discussed at length in Johnson v. Johnson, 343 Ark. 186, 33 S.W.3d 492 (2000). The Johnson court acknowledged the general rule, “Where a person is held in contempt for failure or refusal to abide by a judge’s order, the reviewing court |14does not look behind the order to determine whether it is valid.” 343 Ark. at 197, 33 S.W.3d at 499. Nonetheless, the Johnson court goes on to say, “However, if the contemnor was making a legitimate and successful challenge to the validity of the order, we may look beneath the order and recognize substantive error as a defense, to contempt.” Id. The case before us involves just such a challenge to the validity of the order, and we are obligated to “recognize substantive error.” Id. The majority further errs when it holds that payment of the sanction by the City of Little Rock has made the issue, of the validity of the sanction. As noted previously, the circuit court lacked subject-matter' jurisdiction to impose the sanction. A court that acts without subject-matter jurisdiction or in excess of its jurisdiction produces a result that is void and cannot be enforced. Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl Servs., Inc., 2011 Ark. 501, 385 S.W.3d 797. The parties to an action may not confer subject-matter jurisdiction on a court. Vanderpool v. Fid. & Cas. Ins. Co., 327 Ark. 407, 939 S.W.2d 280 (1997). Furthermore, the majority has failed to acknowledge that the so-called “voluntary” payment was made by the City of Little Rock only after the circuit court denied its motion to reconsider and, more importantly, after the circuit court had issued an “Order to Appear and Show Cause why the defendant Little Rock should not be cited with contempt for failure to comply with the April 25, 2016 Order.” The majority is absolutely correct that this case is controlled by Reynolds Health Care Services, Inc. v. HMNH, Inc., 364 Ark. 168, 217 S.W.3d 797 (2005). However, the majority fails to understand that Reynolds stands for a proposition that is diametrically opposed to what it somehow hopes Reynolds will support. |1BThe Reynolds court held that an appeal was not moot when the appellant had paid a judgment after a writ of execution was issued. Id. Further, the standard announced in Reynolds was not whether the payment was “voluntary,” rather the payment had to be “purely voluntary. The case before us is clearly analogous. When the City of Little Rock tendered the $10,000 check, the city manager, Bruce Moore, who is merely the hired day-to-day manager of the City of Little Rock’s business affairs, faced being sanctioned by a circuit judge who had repeatedly demonstrated that he would not be bound by the plain text of a rule promulgated by the Supreme Court of Arkansas. I find it remarkable that this court would think that a decision to pay an unlawful sanction was “voluntary.” The payment personally cost the city’s employee none of his own money, whereas refusing to pay the sanction would have cost him his own precious liberty. Accordingly, there is nothing purely voluntary in the Little Rock City manager authorizing payment of the sanction. The majority has attached inordinate significance to fact that the City of Little Rock did not file a supersedes bond. A Rule 11 sanction is not the same as a court judgment. It is not surprising that the majority has not cited a single case in which a circuit court order imposing a Rule 11 sanction has been levied and executed on. My research has discovered none. Moreover, the Reynolds court held that failure to file a bond is not singularly dispositive or whether payment was voluntary: Admittedly, RHCS did not post a su-persedeas bond in this case. However, while the posting of a bond is “one of the most important factors to be considered” in determining whether a judgment has been satisfied voluntarily, the court must still consider as an additional factor the fact that the judgment was only satisfied as the result of the sheriffs levying a writ of execution on RHCS’s property. Given that the | ^satisfaction of the judgment in this case was not a purely voluntary act on RHCS’s part, but was instead the result of a writ of execution, we decline to dismiss RHCS’s appeal. 364 Ark. at 183, 217 S.W.3d at 809. Finally, assuming, arguendo, that the circuit court had the authority to impose a $10,000 sanction against the City of Little Rock, there is no legal basis for a contempt sanction on the Little Rock City Attorney. He signed none of the motions for continuance that so irrationally offended the circuit judge. He did not make a late tender of the $10,000 check that was imposed directly against the City of Little Rock. All he did was make a timely and very well-supported motion to reconsider imposing the sanction. For his effort he was held in criminal contempt and sanctioned, despite not having been personally served with a motion to show cause. The contempt finding should be dismissed. The majority is simply wrong when it characterizes the contempt imposed on City Attorney Thomas Carpenter as “civil” rather than “criminal” contempt. In Ivy v. Keith, 351 Ark. 269, 92 S.W.3d 671 (2002), this court stated that in determining whether a particular action by a judge constitutes criminal or civil contempt, the focus is on the character of relief rather than the nature of the proceeding. Civil contempt is designed to coerce compliance with the court’s order, so the civil contem-nor may purge the contempt by complying with the order. Id. Criminal contempt, by contrast, carries an unconditional penalty, and the contempt cannot be purged. Id. In the case before us, imposing the penalty on the Little Rock City Attorney was unconditional—it only set a time limit for serving his sentence. | ^Significantly, the Ivy court held that when the circuit judge imposed criminal contempt sanctions on an attorney for failing to pay Rule 11 sanctions, he “plainly, manifestly, and grossly abused his discretion.” I can see no meaningful distinction between Ivy and the ease before us. I therefore respectfully dissent. . The majority’s disparagement of my reliance on Thompson demonstrates its shallow, if not nonexistent understanding of due process.