STATE of Arkansas *v.* Jerry HILL

CR 91-159                                                  811 S.W.2d 323

Supreme Court of Arkansas
Opinion delivered July 15, 1991

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellant.

*John Wesley Hall, Jr.*, for appellant.

PER CURIAM. The petitioner, State of Arkansas, requests a writ of certiorari on the basis that the trial court lacks the power to amend the charge of the Prosecuting Attorney of Faulkner County against the respondent, Jerry Hill, from theft of property (Ark. Code Ann. § 5-36-103 (1987) (a felony)) to theft of a trade secret (Ark. Code Ann. § 5-36-107 (1987) (a misdemeanor)).

The writ of certiorari is not one of right, but is to be granted or denied within the discretion of the court from which it is sought; certiorari may be granted where the court lacks the power to act as it has purported to do. *Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988).

In *State v. Brooks*, 301 Ark. 257, 783 S.W.2d 368 (1990), this court noted that the duty of charging an accused with a felony is reserved either to the grand jury or the prosecutor, Ark. Const. amend. 21, § 1; by amending the charge from a felony to a misdemeanor, in that case, over the State's objection, the trial court encroached upon the prosecutor's constitutional duties and breached the separation of powers doctrine. *See also United States v. Edmonson*, 792 F.2d 1492 (9th Cir. 1986), *cert. denied*, 479 U.S. 1037 (1987); *State v. Laury*, 397 So.2d 960 (Fla. App. 1981); *Petition of United States*, 306 F.2d 737 (9th Cir. 1962).

Consequently, the trial court's amendment, in this case, of a felony charge to that of a misdemeanor impermissibly usurped the prosecutor's constitutional duties.

The petition for writ of certiorari is granted.