STATE of Arkansas *v.* Timothy D. KNIGHT

CR 94-481 884 S.W.2d 258

Supreme Court of Arkansas
Opinion delivered October 3, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellant.

*Daniel G. Ritchey*, for appellee.

ROBERT L. BROWN, Justice. This is an appeal by the State of Arkansas. The State contends that the circuit judge erred in reducing the charge against appellee Timothy D. Knight to possession of a controlled substance — methamphetamine — after Knight had pled guilty to possession of that controlled substance with intent to deliver, and in then placing Knight on supervised probation. We agree with the State that probation constituted an illegal sentence, and we reverse the order of probation and remand the case for resentencing in accordance with the plea of guilty and this opinion.

On June 1, 1993, the State filed an information against Knight charging him with three offenses: (1) possession of a Schedule II controlled substance (methamphetamine) with intent to deliver; (2) possession of a Schedule IV substance (Alprazolam) with intent to deliver; and (3) possession of drug paraphernalia with intent to use. Following negotiations, the State entered into a plea agreement with Knight and agreed to nolle pros the latter two counts. In return, Knight agreed to enter a guilty plea to the charge of possession of methamphetamine with intent to deliver.

On January 14, 1994, Knight entered his plea of guilty as agreed, and the judge accepted it. The judge then proceeded to conduct the sentencing hearing. The facts related to the judge are these. On May 1, 1993, appellee was stopped in Lake City for suspicion of driving while intoxicated. During the stop, the arresting officers found an "eight ball" of cocaine and $1,492 cash on Knight's person. The circuit judge set bond and required that the 1986 Mustang driven by Knight be left with law enforcement officials until they could obtain a search warrant. On May 3, 1993, the police officers obtained a search warrant and found the following items in Knight's car: a loaded twenty-two caliber Beretta pistol, a loaded nine millimeter Ruger pistol, a loaded F.I.E. automatic pistol, a loaded thirty-eight revolver, a shaving

bag containing seven and one-half ounces of methamphetamine, $11,130 cash, plastic baggies, hand-held scales, a triple beam scale, a bag of ammunition, thirty grams of marijuana, and twenty-nine assorted Xanax tablets. On that same day, Knight was arrested again in Mississippi County. The arresting officers found three grams of methamphetamine and a loaded twenty-five caliber pistol on his person at the time of that arrest. The prosecutor requested that the circuit judge consider the items confiscated when he decided Knight's sentence. The prosecutor also pointed out that according to this court's precedent, the circuit judge could not suspend a sentence for a Class Y felony or place Knight on probation, as had been requested.

Defense counsel countered that this was Knight's first offense and that he was an addict undergoing drug rehabilitation at Greenleaf Hospital and not a dealer. Knight testified that he was a slow learner and in special education classes in high school. He married at age seventeen but divorced four years later because he and his wife were using crack cocaine. He used crystal methamphetamine daily until his arrest in May, 1993, to help him start his day. If he went without it, he stated, he would use a substitute drug. When his one-hundred sixty seven dollar weekly paycheck would not pay for his addiction, he began to sell illegal drugs, including methamphetamine. He stated that he collected guns and liked to repair old cars and sell them.

On cross-examination, the circuit judge asked Knight to divulge his source for the illegal drugs that he sold, but he refused on the basis that he feared for his family. He testified that he got the $1,492 cash from a man as repayment for a loan and that he got the $11,130 from reselling an old car. On the night of his second arrest, he said that he did not put the ounces of methamphetamine in his car, but rather a friend accidentally took the bag from his apartment and put it in the car. He also stated that he did not put the three loaded pistols under the front seat of his car.

A substance abuse therapist, Larry Rogers, testified on Knight's behalf. He concluded that Knight suffered from attention deficit disorder and was using drugs so that he could focus and pay attention to matters. He also concluded that Knight's condition was a disease, not a habit. Two other witnesses testified that Knight was a hard worker, polite, and respectful towards his parents.

The circuit judge first addressed the civil forfeiture issue. He accepted the parties' agreement that Knight forfeit to the Drug Task Force the $12,622 cash, cellular phones, assorted drug paraphernalia, the firearms, and the 1986 Ford Mustang. He then stated: "The biggest problem I have is the fact that Mr. Knight by his own admission has told the Court that he even sold [drugs] to others." The judge then agreed to give Knight a "break" and sentenced him to ten years of supervised probation with a mandatory one year in-house treatment for his drug addiction. The prosecutor objected on grounds that a sentencing judge does not have the discretion to waive the mandatory penalty of ten years for a Class Y felony. The court responded:

> Well, I can make it [the sentence] in accordance with the law. I can find based upon the evidence that's introduced to the Court that the sentence should be of a lesser degree and reduce the charge to one of possession of a controlled substance and, therefore, my sentence is in accordance with the law.

The judge stated that if the General Assembly gave him the power to impose a life sentence, it also gave him the inherent power to take away a sentence. He reduced the charge of possession with intent to deliver methamphetamine to the lesser included offense of possession of that controlled substance and sentenced Knight to ten years supervised probation. The prosecutor, pursuant to the plea agreement, nolle prossed the other two charges against Knight.

The State's argument on appeal has two prongs. First, it argues that the circuit judge did not have the authority to reduce the charge against Knight because such authority vests solely with the prosecutor. Since the circuit judge did not have the power to alter the charge against the defendant, he erred in not sentencing Knight to the mandatory sentence of ten years for possession of methamphetamine with intent to deliver.

Because this is an appeal by the State, we first must address the issue of whether the correct and uniform administration of the criminal law requires our review. Ark. R. Crim. P. 36.10(c); *see also State* v. *Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994); *State* v. *Barter*, 310 Ark. 94, 833 S.W.2d 372 (1992). We believe that it does. The law on whether circuit judges may reduce a criminal charge after a guilty plea and then sentence the defen-

dant accordingly must be clear and unmistakable. For that reason, we accept the appeal.

 On the merits, the State is correct. The Arkansas Constitution provides that the duty of charging an accused with a felony is reserved to the grand jury or to the prosecutor. Ark. Const. amend. 21, § 1. We have consistently held that a circuit judge does not have the authority to amend the charge brought by the prosecuting attorney. *Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992); *State* v. *Hill*, 306 Ark. 375, 811 S.W.2d 323 (1991); *State* v. *Brooks*, 301 Ark. 257, 783 S.W.2d 368 (1990).

The facts in the case at hand are analogous to those in *State* v. *Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993). In *Murphy*, the appellee pled guilty to first degree criminal mischief and admitted that he had two prior felony convictions. The judge accepted the plea and found the appellee to be a habitual offender. At the sentencing hearing, a second judge, on his own initiative and without a request by either party, dismissed the habitual offender charge. We held that the trial court impermissibly usurped the prosecutor's constitutional duties and violated the doctrine of separation of powers when it dismissed the habitual offender charge.

Although the judge in the instant case urges that he did not amend the charges against Knight, his actions were comparable to those in *Murphy*. Here, the judge accepted Knight's guilty plea to possession with intent to deliver. At the sentencing hearing, the judge on his own motion determined that Knight was guilty only of the lesser included offense, possession of a controlled substance, and he, in effect, amended the charge to a lesser included offense. This the circuit judge could not do.

 Knight argues that the judge did not amend the charge, but rather determined that there was an insufficient factual basis for the guilty plea. Thus, the question, according to Knight's theory, is whether the judge's actions constituted a proper rejection of the guilty plea for factual reasons. On this point, Arkansas Rule of Criminal Procedure 24.6 provides that "[t]he court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea." Ark. R. Crim. P. 24.6. As a result, Knight contends that a circuit judge has not only the authority but also

the duty to inquire into the factual basis of a guilty plea. We so held in the case of *Varnedare* v. *State*, 264 Ark. 596, 573 S.W.2d 57 (1978).

 In *Varnedare*, the appellant sought to enter a guilty plea to two counts of burglary. After he told the judge that he was drunk at the time of the burglary, the judge refused to accept the plea on the basis that his intoxication precluded him from having the necessary intent to commit burglary. Later, the appellant was convicted by a jury on both counts. This court affirmed the trial judge's decision to reject the appellant's guilty plea because a decision as to the factual basis for such a plea is discretionary with the judge. The *Varnedare* circumstances, however, do not pertain to the case at hand. There clearly was a factual basis for Knight's plea of possession with intent to deliver. Not only was Knight found with a sufficient quantity of methamphetamine in his possession, but the judge commented on the fact that Knight had admitted selling drugs under oath. It is clear from the record that the judge was merely seeking a means by which to assess a probationary sentence. Reducing the charge to which Knight had already pled guilty to mere possession was simply the device employed to accomplish that end.

Moreover, even had the judge in this case appropriately rejected the guilty plea for lack of a factual basis after he accepted it, he did not follow the correct procedure. Arkansas Rule of Criminal Procedure 25.3(b) provides in part:

> If, after the judge has indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo contendere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea.

Ark. R. Crim. P. 25.3. The circuit judge in this case did not follow the rule because he did not call upon Knight to affirm or withdraw his plea. But more importantly, the rule does not authorize a circuit judge to reduce the charge to a lesser included offense; nor does it permit pleading to another charge that the judge believes to be appropriate.

Knight was charged with and pled guilty to possession of methamphetamine with the intent to deliver. A defendant who is guilty of possessing a Schedule II controlled substance like methamphetamine with the intent to deliver "is guilty of a felony and shall be imprisoned for not less than ten (10) years and not more than forty (40) years, or life, and shall be fined an amount not exceeding twenty-five thousand dollars ($25,000)." Ark. Code Ann. § 5-64-401(a)(1)(i) (Supp. 1991). The circuit judge cannot suspend this sentence or place a defendant who pleads guilty to such an offense on probation:

> (a)(1) A court shall not suspend imposition of sentence as to a term of imprisonment nor place the defendant on probation for the following offenses:

> . . . .

> (F) Drug related offenses under the Uniform Controlled Substances Act, § 5-64-101 et.seq. except to the extent that probations otherwise permitted under subchapters 1-6 of chapter 64.

Ark. Code Ann. § 5-4-301(a)(1)(F) (Supp. 1991); *see also* Ark. Code Ann. § 5-4-104(e)(1)(F) (Supp. 1991). Subsection (a)(1)(F) includes possession of methamphetamine with intent to deliver.

The statutes are clear. Knight should have been sentenced to at least ten years imprisonment without probation. *See State* v. *Galyean*, 315 Ark. 699, 870 S.W.2d 706 (1994); *State* v. *Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994); *State* v. *Murphy, supra; State* v. *Whale*, 314 Ark. 576, 863 S.W.2d 290 (1994); *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993). We hold that the order of probation based on a reduction of the charge by the circuit judge to mere possession of methamphetamine must be reversed. We remand this matter for resentencing and direct that Knight be sentenced for the offense of possession of methamphetamine with intent to deliver in accordance with this opinion.

Reversed and remanded.