The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, Arkansas 72303-3040
Dear Representative Jones:
I am writing in response to your request for an opinion on the following factual scenario:
 The question that we need answered regards fire fighters who want to have an Alderman in my district removed from the fire commission. They have circulated a petition in attempts to get this done, the Alderman has come to me with the information that certain fire-fighters are willing to testify that the "solicitation of signatures was carried out while they were on duty." He wants to know what his recourse is when the City Attorney has given his opinion that A.C.A. § 7-1-103 does not apply in this situation and that the fire-fighters were executing their first amendment right.
RESPONSE
In my opinion, to the extent the alderman seeks the institution of criminal charges against the petition circulators, his only recourse is to press the matter with the city attorney or the prosecuting attorney for the judicial district. These are the only officials invested by state law with the power to institute such charges.[1]
I assume your question has reference to A.C.A. § 7-1-103(a)(2)(B), as amended by Act 1839 of 2001, which now provides as follows:
 It shall be unlawful for any public servant, as defined in A.C.A. § 21-8-402, to circulate an initiative or referendum petition or solicit signatures on an initiative or referendum petition in any public office of the state, county, or municipal governments of Arkansas or during the usual office hours or while on duty for any state agency or any county or municipal government in Arkansas.
You state that the city attorney believes that A.C.A. § 7-1-103 does not apply in this situation. I assume this conclusion is based upon the fact that the particular petition did not seek the initiation of a city ordinance or the referral of an ordinance to the voters of the city under Amendment 7 to the Arkansas Constitution so as to constitute an "initiative or referendum petition." You have not asked my advisory opinion as to whether this is a correct conclusion of law. I would have no power, in any event, to compel action on the part of the city attorney in this regard. "The choice of which charges to file against an accused is a matter entirely within the prosecutor's discretion . . ." State v.Murphy, 315 Ark. 68, 72 (1993), 864 S.W.2d 842, citing Simpson v. State,310 Ark. 493, 837 S.W.2d 475 (1992); and State v. Brooks, 301 Ark. 257,783 S.W.2d 368 (1990). The Arkansas Constitution provides that the duty of charging an accused with a felony[2] is reserved to the grand jury or to the prosecutor. Arkansas Constitution, Amendment 21, § 1. See Statev. Knight, 318 Ark. 158, 162, 884 S.W.2d 258 (1994).
If the alderman in question is interested in the institution of criminal charges, the avenues above are exhaustive. If he seeks some other unspecified type of relief, I must note that I am prohibited by statute from the private practice of law and cannot offer advice in this regard.[3] I assume, finally, that it is not your intention to obtain my opinion on the legality of the alderman's service as a member of the city fire commission.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] The only exception is an indictment by a grand jury.
[2] In city misdemeanor cases, however, the city attorney performs this duty. See A.C.A. §§ 16-21-115; 16-21-150 and Op. Att'y Gen. 2000-291.
[3] I will note, however, that A.C.A. § 14-51-303 requires the civil service commissions of cities of the first and second class to promulgate rules and regulations governing the political activities of fire department personnel.