STATE of Arkansas *v.* Roger BROOKS

CR 04-902

202 S.W.3d 508

Supreme Court of Arkansas
Opinion delivered February 3, 2005

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Armstrong Allen, PLLC*, by: *Charles A. Banks* and *Benjamin D. Brenner*, for appellee.

BETTY C. DICKEY, Justice. Roger Brooks started chatting on the internet with a fourteen-year-old girl, who turned out to be a North Little Rock Police Officer, working undercover. After they had made plans to meet in North Little Rock to have sex, six officers of the North Little Rock Police Special Crime Unit arrested Brooks at Rivercrest School, Mississippi County, where he was a teacher, a coach, and vice-principal. The officers searched Brooks's home and interrogated him in Mississippi County, pursuant to a valid search warrant from Mississippi County.

On November 3, 2003, the Second Judicial District Prosecutor, representing Mississippi County, charged Brooks with knowingly possessing or viewing photographs over the internet depicting sexually explicit conduct involving a child. Ark. Code Ann. § 5-27-602 (Supp. 2003). The pictures were found on the hard drive of a computer seized from Brooks's house in Wilson, Arkansas. On December 23, 2003, the Sixth Judicial District Prosecutor, representing Pulaski County, charged Brooks with computer child pornography. Specifically, he was charged with using a computer internet service to either seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or individual believed to be a child to engage in sexually explicit conduct. Ark. Code Ann. § 5-27-603 (Supp. 2003). This charge was based on the internet chat conversations between Brooks and the North Little Rock Police female officer who pretended to be a fourteen-year-old girl.

On January 7, 2004, Brooks filed a motion to dismiss or, in the alternative, a motion to transfer his case from the Pulaski County Circuit Court to the Mississippi County Circuit Court. At a February 11, 2004 hearing in Pulaski County, the trial court took under advisement the defense motions challenging that circuit court's jurisdiction. On May 3, 2004, the Pulaski County court granted Brooks's motion to transfer his case to Mississippi County. On May 12, 2004, the Sixth Judicial District Prosecutor moved to rescind that court's transfer order, or, in the alternative, to reconsider the court's ruling.

At a June 1, 2004 hearing, the Sixth Judicial District Prosecutor asked the trial court to rescind its previous order to transfer the case, arguing that Pulaski County and Mississippi County had concurrent jurisdiction. Brooks argued that the trial court properly applied Arkansas Rule of Criminal Procedure 21.3 (2004), by ordering that all charges against him be joined and tried in the Second Judicial District. Judge Proctor granted the motion to transfer and stated, "I think it would put the state in a position where they could, if they decide to, take an interlocutory appeal. I tried to put the record in a position where it could be decided on appeal by the Appellate Court."

The final order was entered on June 24, 2004, stating "upon consideration of the pleadings and corresponding law, the hearings held in this matter, and the arguments of counsel, specifically those related to Arkansas Rules of Criminal Procedure Rule 21 et seq. and Rule 23.1, the State's motion is DENIED." The State, on

behalf of the Sixth Judicial District Prosecutor, argues: (1) that the trial court erred as a matter of law by purporting to transfer Brooks's prosecution outside the judicial district where the offense was charged, or, (2) in the alternative, that this court should issue a writ of certiorari to review the trial court's transfer order and invalidate it.

We first review whether this is an interlocutory or direct appeal. The trial court repeatedly and mistakenly refers to this as an interlocutory appeal in this colloquy during the final hearing.

> THE COURT: All right. Okay. And also, if the State decides to take an *interlocutory* appeal, this is a final decision on the merits.

> Ms. RANEY: We have no more case left.

> THE COURT: Right. So I think it would put the State in a position where they could, if they decide to, take an *interlocutory* appeal. I tried to put the record in a position where it could be decided on appeal by the Appellate Court.

> Ms. RANEY: And I appreciate that very much. And you have denied my motion to reconsider, and you have granted the motion to transfer or dismiss on the basis of motion to transfer, the defendant's motion to transfer based on joinder, is that correct, which is the defendant raised on his motion?

> THE COURT: Right. And I did not grant the motion to dismiss either. That has not been granted.

> Ms. RANEY: So it wouldn't be an *interlocutory* because we now have no case in Pulaski County. That's been taken away from us, correct? So it would be a direct appeal or cert., a motion for a cert. Is there anything else that I need to do to make my record? I guess I need to say I object.

> Thank you for your patience, and I thank Mr. Banks for his patience.

> THE COURT: Do we have one more or is that — all right. We're adjourned then.

(Emphasis added.)

Despite the trial court's misappellation, we find this was a final order, as the Sixth Judicial District Prosecutor indicated when she said, "we have no more case left." This issue is properly before us under Arkansas Rules of Appellate Procedure—Criminal 3(c), which provides that this court review cases that involve the correct and uniform administration of the criminal law.

■ This court's review of the State's appeals is not limited to cases that would establish precedent. *State v. Dawson,* 343 Ark. 683, 38 S.W.3d 319 (2001); *State v. Thompson,* 343 Ark, 135, 34 S.W.3d 33 (2000); *State v. Gray,* 330 Ark. 364, 955 S.W.2d 502 (1997). As a matter of practice, this court has only taken appeals "which are narrow in scope and involve the interpretation of law." *Id.; State v. Banks,* 322 Ark. 344, 345, 909 S.W.2d 634 (1995). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *Id.; State v. Harris,* 315 Ark. 595, 868 S.W.2d 488 (1994). Appeals are not allowed merely to demonstrate the fact that the trial court erred. *State v. Spear and Boyce,* 123 Ark. 449, 185 S.W. 788 (1916). Where the resolution of the issue on appeal turns on the facts unique to the case, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *State v. McCormack,* 343 Ark. 285, 34 S.W.3d 735 (2000); *State v. Guthrie,* 341 Ark. 624, 19 S.W.3d 10 (2000).

In accordance with Rule 3(c), this court accepts the appeal by the State in this case because it is narrow in scope, involves the interpretation of the law, and involves the correct and uniform administration of justice which requires us to review this point.

■ This appeal raises the question of whether criminal proceedings can be transferred from one judicial district to another. This court has held that disposition of a criminal charge which occurs outside the territorial boundaries of the judicial district in which the charge was brought is void. *State v. Circuit Court of Lincoln County,* 336 Ark. 122, 984 S.W.2d 412 (1999). While a defendant in a criminal case may waive venue within the territorial boundaries of a judicial district, a defendant may not do so where charges have been filed in a county outside of those boundaries. *Id.* This court held that such an extraterritorial order by a circuit judge in a criminal case was void, and that jurisdiction for such an order could not be waived or conferred by consent. *Id.*

While it is true that both counties have jurisdiction in this case, the trial court lacked the authority to transfer to the Second Judicial District. The trial court did not have the power or authority to join or transfer a case outside of its jurisdiction. Such an order would bar a prosecutor from prosecuting crimes within his or her jurisdiction simply because a defendant would prefer a different district with concurrent jurisdiction. An accused is not entitled to a judicial review of the prosecutor's filing an information charging him with an offense. *Nance v. State,* 323 Ark. 583, 918 S.W.2d 114 (1996). Each prosecutor in each district has the sole authority, with grand jury's concurrent authority, to bring charges within that district. The Arkansas Constitution provides that the duty of charging an accused with a felony is reserved to the grand jury or to the prosecutor. *State v. Knight,* 318 Ark. 158, 884 S.W.2d 258 (1994). We have consistently held that a circuit judge does not have the authority to amend the charge brought by the prosecuting attorney. *State v. Knight, supra; Simpson v. State,* 310 Ark. 493, 837 S.W.2d 475 (1992); *State v. Hill,* 306 Ark. 375, 811 S.W.2d 323 (1991); *State v. Brooks,* 301 Ark. 257, 783 S.W.2d 368 (1990).

In *Simpson v. State,* 339 Ark. 467, 6 S.W.3d 104 (1999), this court held that the choice of which charges to file against an accused is a matter entirely within the prosecutor's discretion. Transferring a criminal count from one prosecuting attorney's district to another has the effect of impermissibly compelling the receiving prosecuting attorney to file charges in his district, or have no criminal prosecution at all. Here, the Second Judicial District Prosecutor could have exercised his authority within his jurisdiction by filing the criminal count at issue, but he did not; the Sixth Judicial District Prosecutor chose to exercise his authority instead.

Brooks cites *Cozzaglio v. State,* 289 Ark. 33, 709 S.W.2d 70 (1986), as justification for joinder of the charges in Mississippi and Pulaski County. In that case, Cozzaglia was convicted of kidnapping in Washington County and was convicted of rape in Madison County. This court held that the trial judge should have granted appellant's motion for joinder, and reversed and dismissed the rape conviction. *Id.* Cozzaglio could have been tried in either county for both offenses, but not separately on separate charges. *Cozzaglio* stands for the proposition that a defen-

dant's motion for joinder of two or more offenses should be granted when they are within the same jurisdiction of the same court, for example, within Sixth Judicial District from Perry County to Pulaski County. However, this appeal involves charges not in different counties within the same district, but two separate districts. The duty of charging an accused with a felony is reserved to the grand jury and the Prosecuting Attorney. *State v. Knight,* 318 Ark. 158, 884 S.W.2d 258 (1994).

Ark. R. Crim. P. 21.1 (2004) states:

> Two (2) or more offenses *may* be joined in one (1) information or indictment with each offense stated in a separate count, when the offenses, whether felonies or misdemeanors or both:
>
> (a) are of the same or similar character, even if not part of a single scheme or plan; or
>
> (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

(Emphasis added.) This rule is permissive and not mandatory. Once Brooks was charged in the Sixth Judicial District, the trial court possessed no power to transfer the case outside the district. The trial court's order is reversed and the case is remanded for prosecution in the Sixth Judicial District.

Since we reverse based on the trial court's attempt to transfer the appellee's prosecution outside the judicial district where the offense was charged, the State's alternate argument that we issue a writ of certiorari is moot. The appellee's motion to dismiss the appeal is denied.

Reversed and Remanded.