ROBERT J. GLADWIN, Judge
I.K. appeals his adjudication of delinquency by the Polk County Circuit Court. He argues that the circuit court violated his due-process rights by adjudicating him delinquent for an offense for which the State did not charge-specifically by sua sponte amending the charge from second-degree terroristic threatening to second-degree assault at the conclusion of the bench trial. We affirm.
On March 6, 2018, the State filed a petition in the juvenile division of the Polk County Circuit Court seeking to adjudicate I.K. delinquent for committing the offense of terroristic threatening in the first degree, a Class D felony, in violation of Arkansas Code Annotated section 5-13-301(a)(1) (Supp. 2017). In the petition, the State alleged that appellant threatened to "shoot up" the Mena High School campus.
On April 4, 2016, at the beginning of the hearing on the petition, the State amended the charge to terroristic threatening in the second degree, a Class A misdemeanor, in violation of Arkansas Code Annotated section 5-13-301(b)(1) (Supp. 2017). At the end of the evidence the circuit court found:
[T]o sustain a charge of terroristic threatening in the second degree under Title 5 Chapter 13 section 301, the statute requires that a person commits the offense of terroristic threatening in the second degree if with the purpose of terrorizing another person, the person threatens to cause physical injury or property damage to another person.
Now, the evidence that I've heard here today, the conversation that took place between [I.K.] and Dustin was not with the purpose of terrorizing Dustin, by making those threats. However, when he said, "No, if I shoot up your school I will tell you, but if I come to school that day, you're f* * *ed." Then, that to me constitutes assault in the second degree, which is defined as:
A person commits assault in the second degree if he or she recklessly engages in conduct that creates a substantial risk of physical injury to another person.
Whether it was a joke or not it was reckless. You're guilty of assault in the second degree. And that's what the Court finds. I'm gonna place you on probation for a period of six months, [I. K.], under the standard conditions of probation. I'll need an order prepared to that effect. And you will need to meet with Ms. Hillard just as soon as we leave court. Okay. Anything else, in this matter?
The circuit court in effect sua sponte amended the charge to assault in the second degree, a Class B misdemeanor, in violation of *581 Arkansas Code Annotated section 5-13-206(a) (Repl. 2013), at the end of the trial and sentenced I.K. accordingly. Although counsel and the circuit court subsequently discussed the possibility of a diversion, it is undisputed that neither I.K.'s counsel nor the State objected to the circuit court's sua sponte change in the charge. I.K. was sentenced to six months of supervised probation pursuant to an order of adjudication filed on May 18, 2018. He filed a timely notice of appeal, and this appeal followed.
I.K. argues that the circuit court erred in sua sponte amending the charge to an uncharged, non-lesser-included offense. The United States Supreme Court has extended constitutional due-process protections to juveniles. See In re Gault , 387 U.S. 1, 33, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In Gault , the Court held that juveniles should be afforded the right against self-incrimination and the right to counsel under the federal Constitution. Id. at 36, 87 S.Ct. 1428. The Court's holding affirmed that "[d]ue process of law is the primary and indispensable foundation of individual freedom. It is the basic and essential term in the social compact which defines the rights of the individual and delimits the powers which the state may exercise." Id. at 20, 87 S.Ct. 1428.
Although juvenile proceedings need not conform with all the requirements of a criminal trial, essential requirements of due process and fair treatment must be met. Golden v. State , 341 Ark. 656, 21 S.W.3d 801 (2000). We have held that "[n]otice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.' " X.O.P. v. State , 2014 Ark. App. 424, at 3, 439 S.W.3d 711, 712 (citing In re Gault , 387 U.S. at 33, 87 S.Ct. 1428 ).
The Arkansas Constitution provides that the duty of charging an accused with a felony is reserved to the grand jury or to the prosecutor. Ark. Const. amend. 21, § 1. The Arkansas Supreme Court has consistently held that a circuit court does not have the authority to amend a charge brought by the prosecuting attorney. See State v. Brooks , 360 Ark. 499, 505, 202 S.W.3d 508, 512 (2005) (citing State v. Knight , 318 Ark. 158, 884 S.W.2d 258 (1994) ; Simpson v. State , 310 Ark. 493, 837 S.W.2d 475 (1992) ; State v. Hill , 306 Ark. 375, 811 S.W.2d 323 (1991) ; State v. Brooks , 301 Ark. 257, 783 S.W.2d 368 (1990) ). Doing so invades the province of the prosecuting attorney who is part of the executive branch, and thus, is a violation of the separation-of-powers doctrine as reflected in article 4, sections 1 and 2 of the Arkansas Constitution. See, e.g. , State v. D.S. , 2011 Ark. 45, at 8, 378 S.W.3d 87, 92.
Because second-degree assault is not a lesser-included offense of second-degree terroristic threatening, this case does not involve the amendment of the initial charge to one of a lesser-included offense as in X.O.P. where this court affirmed the adjudication, explaining that "[b]y virtue of the fact that XOP was on notice of the greater offense, he cannot claim surprise by the circuit court's true finding as to the lesser-included offense." X.O.P. , 2014 Ark. App. 424, at 5, 439 S.W.3d at 714.
A person commits the offense of terroristic threatening in the second degree if, with the purpose of terrorizing another person, he threatens to cause physical injury or property damage to another person. Ark. Code Ann. § 5-13-301(b)(1). Section 5-13-206 provides that a person commits assault in the second degree if he or she recklessly engages in conduct that creates a substantial risk of physical injury to another person. Assault in the *582 second degree fails to satisfy the lesser-included-offense criteria set forth in Arkansas Code Annotated section 5-1-110(b)(1)-(3) (Repl. 2013), and it is not a lesser-included offense of terroristic threatening in the second degree.
A juvenile defendant must raise a due-process challenge at the circuit court level in order to preserve the issue for appellate review. E.g. , C.M. v. State , 2010 Ark. App. 695, at 2, 2010 WL 4132892 (stating that "[b]ecause C.M. did not make his due-process argument below, it is not preserved on appeal"); M.H. v. State , 2009 Ark. App. 247, at 3, 2009 WL 936898 (holding M.H.'s due-process challenge not preserved for appellate review because he failed to raise the issue below).
We find no merit in appellant's argument that a contemporaneous objection was not required to preserve this issue for appeal because the circuit court exceeded its subject matter jurisdiction. See M.S v. State , 2011 Ark. App. 222, at 3, 2011 WL 904842 (citing State v. D.S. , supra ) (applying an exception to the contemporaneous-objection rule when a court acts in excess of its authority, which creates a question of subject-matter jurisdiction).
I.K. acknowledges that he failed to raise this issue at the circuit court level but attempts to overcome his failure to preserve the argument by claiming that his due-process challenge stripped the circuit court of subject-matter jurisdiction. Arkansas appellate courts have rejected similar arguments arising from criminal proceedings. See Cantrell v. State , 2009 Ark. 456, 343 S.W.3d 591 ; Bell v. State , 101 Ark. App. 144, 272 S.W.3d 110 (2008). In VanOven v. State , 2011 Ark. App. 46, 380 S.W.3d 507, this court addressed with an appellant's claim that he was convicted of a crime for which he was not charged that was framed as one challenging the legality of his sentence such that his failure to raise the issue at trial did not waive the issue for appellate review. The court distinguished that argument from the ones made in Bell and Cantrell , in which the appellants merely argued lack of proper notice without reference to any particular statutory provision. The Bell and Cantrell courts held that any alleged error made by the circuit courts would entail only a lack of notice and not a lack of authority.
Here, despite appellant's attempt to blur the lines of the argument in his conclusory statements regarding both a due-process argument and a lack of authority, we hold that I.K.'s argument does not involve the circuit court's subject-matter jurisdiction; rather, he is arguing an alleged due-process violation, which must be raised below. See, e.g. , Cantrell , 2009 Ark. 456, at 11, 343 S.W.3d at 597 ; Bell , 101 Ark. App. at 147, 272 S.W.3d at 113.
As a reminder, we reiterate this court's admonition from Bell , 101 Ark. App. at 147, 272 S.W.3d at 112-13 :
Because appellant's failure to raise the issue of notice about the sentencing enhancement at trial precludes this court from addressing it here, we affirm on this point.
Nonetheless, we are troubled by the trial court presenting this issue to the jury. The decision to charge appellant with a sentencing enhancement lies within the discretion of the prosecuting attorney, not the trial judge. Compare State v. Knight , 318 Ark. 158, 162, 884 S.W.2d 258, 260 (1994) ("The Arkansas Constitution provides that the duty of charging an accused with a felony is reserved to the grand jury or to the prosecutor.... We have consistently held that a circuit judge does not have the authority to amend the charge brought by the prosecuting attorney.").
*583 By instructing the jury to consider the sentencing enhancement, the trial judge took the discretion away from the prosecuting attorney and violated appellant's right to know the charges brought against him. While appellant's failure to preserve the point precludes us from determining whether the trial judge's actions constitute reversible error, we emphasize that such conduct is not viewed favorably on appellate review if it is timely challenged at trial.
Affirmed.
Gruber, C.J., and Brown, J., agree.