Cite as 2023 Ark. App. 119

# ARKANSAS COURT OF APPEALS

DIVISION II
№ CR-22-225

|  |  |  |
|---|---|---|
| JOHN MITCHELL | | Opinion Delivered March 1, 2023 |
| | APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-18-174] |
| V. | | |
| | | HONORABLE CHARLES A. YEARGAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED |

**WENDY SCHOLTENS WOOD, Judge**

John Mitchell brings this interlocutory appeal from the Polk County Circuit Court's order denying his motion to dismiss a charge of first-degree murder and its included offense of second-degree murder. On appeal, he argues that his retrial on these offenses is barred by double jeopardy. We agree and reverse.

On August 11–13, 2020, Mitchell was tried before a Polk County jury for the first-degree murder of his neighbor, Don Smith. Mitchell testified in his own defense and did not dispute that he killed Smith. He testified he had done so in self-defense.

The court instructed the jury on first-degree murder and gave the transitional instruction that also allowed the jury to consider the lesser-included offenses of second-degree murder and manslaughter. The court informed the jury, "You may find the

Defendant guilty of one of these charges, or you may acquit him outright." Consistent with these instructions, the jury was given a verdict form that required it either to convict on one of the three homicide offenses or to acquit on all of them.

During deliberations, the jury informed the court it was deadlocked. The court instructed the jury to continue its deliberations, emphasizing the importance of reaching a verdict. The jury did so, but it later sent a note to the court indicating that it was deadlocked; it had voted unanimously against first- and second-degree murder and could not reach a unanimous decision on manslaughter.

In light of the note, defense counsel told the court, "I have to make some type of argument that they have found Mitchell not guilty of murder one, and not guilty of murder two, and they are only locked on manslaughter." The prosecuting attorney asserted that it was unknown how the jury arrived at a deadlock and that "it's straight up or down a mistrial, or not." Defense counsel then suggested that the jury fill out verdict forms finding Mitchell not guilty on the two murder offenses. After additional discussion, the court concluded that it had to declare a mistrial. Defense counsel suggested that the court poll the jury on first- and second-degree murder, and the State said, "Okay. Let's go ahead, and do that."

The jury was then brought into the courtroom. The court asked the jury foreperson if the jury was deadlocked, and she confirmed that it was. The court then polled the jurors, and each confirmed that the jury was deadlocked. The court asked the foreperson if the jury unanimously voted not guilty on the first- and second-degree murder charges. The foreperson said yes. The court again polled the jurors, all of whom individually confirmed that their

votes for both charges were not guilty. The court asked the foreperson if the jury could come to a unanimous verdict on manslaughter, and the foreperson said it could not.

Defense counsel requested that verdict forms be signed for the two murder offenses. The State responded: "Your Honor, I don't have an objection to them signing a verdict form . . . they've been polled, and they've confirmed it." The court granted the defense's request for signed verdicts.[1] The court declared a mistrial on manslaughter. The court then sent the jurors back to the jury room so that the foreperson could complete the verdict forms. After the jury returned to the courtroom, the court read the verdict forms aloud: "[W]e, the jury, find beyond a reasonable doubt that John Mitchell is not guilty of the charge of murder in the first degree. With respect to the charge of murder in the second degree, we the jury, find John Mitchell not guilty." The court once again asked the jurors if they agreed with the verdicts, and the jurors collectively affirmed that they did. The court then discharged the jury, and the proceedings concluded with counsel and the court scheduling a pretrial date for Mitchell's retrial. On August 18, the not-guilty verdict forms as to first- and second-degree murder—signed by the foreperson—were filed with the clerk.

The State filed an amended criminal information on September 11, 2020. The first-degree-murder charge was among the charges. Mitchell subsequently filed a motion to dismiss any homicide charge greater than manslaughter on double-jeopardy grounds.

---

[1]Because the verdict form that had been given to the jurors did not allow individual findings of not guilty on first- and second-degree murder, the State prepared new verdict forms.

Mitchell argued that the polling of the jurors and their completed verdict forms constituted an acquittal of first- and second-degree murder. Citing *Blueford v. State*, 2011 Ark. 8, 370 S.W.3d 496, the State responded that a trial ending in a hung jury is not the equivalent of an acquittal for purposes of establishing double jeopardy. This was so, the State argued, because Arkansas does not recognize partial verdicts.

After a hearing, the circuit court denied Mitchell's motion, finding that no final judgment had been entered acquitting him of first- or second-degree murder because the case had ended in a mistrial. In the circuit court's view, a partial verdict rendered in a case that ends in a mistrial cannot implicate double jeopardy. The court's written order to that effect was entered on September 17. This appeal followed.

On interlocutory appeal of the denial of a motion to dismiss on double-jeopardy grounds, this court reviews the case de novo. *Blueford*, 2011 Ark. 8, at 5, 370 S.W.3d at 499. Any factual determinations underlying the circuit court's decision are afforded deference and will not be reversed unless clearly erroneous. *Id.*, 370 S.W.3d at 499. The ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed de novo, with no deference given to the circuit court. *Id.*, 370 S.W.3d at 499. A double-jeopardy claim may be raised by interlocutory appeal because if a defendant is illegally tried a second time, the right would have been forfeited. *Id.*, 370 S.W.3d at 499.

Both the Fifth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution require that no person be twice put in jeopardy of life or liberty for the same offense. *Blueford*, 2011 Ark. 8, at 6, 370 S.W.3d at 500. These

4

constitutional provisions protect criminal defendants from being subjected to a second prosecution for the same offense after an acquittal of that offense. *Id.*, 370 S.W.3d at 500. This protection is also found in Arkansas Code Annotated section 5-1-112(1)(A)(b)(i) (Repl. 2013). An acquittal is "a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply*, 430 U.S. 564, 571 (1977), *quoted in State v. Martin*, 2017 Ark. 64, at 7, 512 S.W.3d 617, 621. For purposes of double-jeopardy analysis, the Supreme Court has described a judgment of acquittal as "a jury verdict of not guilty." *United States v. Scott*, 437 U.S. 82, 91 (1978). Whether based on a jury verdict of not guilty or on a ruling by a court that the evidence is insufficient to convict, a judgment of acquittal terminates jeopardy and bars retrial. *Id.*

These provisions, however, do not prevent the State from retrying a defendant after its first attempt to obtain a conviction has ended in a mistrial due to jury deadlock. *Blueford*, 2011 Ark. 8, at 7, 370 S.W.3d at 500. In that instance, the jury's inability to reach a final decision is considered a manifest necessity that permits the declaration of a mistrial and continuation of the initial jeopardy that commenced when the jury was first empaneled. Because the declaration of a mistrial following a hung jury does not terminate jeopardy with a verdict of acquittal, a second trial will not place the defendant in jeopardy for a second time in violation of the Double Jeopardy Clause. *Richardson v. United States*, 468 U.S. 317, 323 (1984); *Blueford*, 2011 Ark. 8, at 7, 370 S.W.3d at 500.

Mitchell argues that, despite the declaration of a mistrial in his case, the jury acquitted him of first- and second-degree murder, and double jeopardy prevents retrial on those

5

offenses. In support of his argument, Mitchell principally relies on *Blueford* and *Basham v. State*, 2011 Ark. App. 384.

Blueford was charged with capital murder, and his jury was instructed to consider that charge and three lesser-included offenses of first-degree murder, manslaughter, and negligent homicide. During deliberations, the jury twice informed the circuit court it was deadlocked. Upon questioning by the circuit court, the jury foreperson reported that the jury had voted unanimously against capital murder and first-degree murder and had voted "nine for, and three against" manslaughter. 2011 Ark. 8, at 3, 370 S.W.3d at 498. Each time, the circuit court instructed the jury to continue its deliberations. Following the second instruction, Blueford's counsel asked the court to submit new verdict forms to the jurors for the offenses on which they had unanimously voted. The State objected on the grounds the jury was still deliberating and had not yet made any findings. The court denied Blueford's request. The jury ultimately failed to reach a verdict, and the circuit court declared a mistrial. *Id.* at 4, 370 S.W.3d at 499.

Blueford's trial was rescheduled, and he filed motions asserting that the foreperson's announcement in open court that the jury had unanimously found him not guilty of capital and first-degree murder was an acquittal that precluded his retrial on those charges. *Id.*, 370 S.W.3d at 499. The circuit court denied the motions. It acknowledged the jury's explicit, unanimous vote finding Blueford not guilty of the two murder offenses but concluded they were not findings or verdicts as intended by the law and that the mistrial had been entered because the jury was unable to complete its deliberations. *Id.*, 370 S.W.3d at 499.

On appeal to the Arkansas Supreme Court, Blueford's argument was premised on the standard transitional jury instruction given to Arkansas juries when they consider criminal offenses involving lesser-included offenses. In his view, this instruction told the jury it could not consider his guilt on the lesser-included offense of manslaughter until it had found him not guilty on the greater offenses. He contended that because the jury was deadlocked on the lesser-included offense of manslaughter, its announcement of unanimous votes against capital and first-degree murder constituted an acquittal. 2011 Ark. 8, at 5–7, 370 S.W.3d at 499–500.

The supreme court discussed the general rule that a mistrial due to a deadlocked jury is not an event that prevents retrial on double-jeopardy grounds. *Id.* at 7, 370 S.W.3d at 500 (citing *Richardson*, *supra*). It further explained that the foreperson's oral announcement of the jury's unanimous votes did not constitute an acquittal, as Blueford had argued, because it did not bear the hallmarks of finality since there was no verdict or judgment of acquittal entered of record. 2011 Ark. 8, at 7–8, 370 S.W.3d at 500–01. For these reasons, our supreme court rejected Blueford's argument that the transitional instruction and the jury foreperson's announcement in open court of unanimous votes of not guilty had resulted in an acquittal of capital and first-degree murder.

In *Blueford v. Arkansas*, 566 U.S. 599 (2012), the Supreme Court of the United States affirmed the decision. The Supreme Court observed that nothing in the jury instructions prohibited jurors from revisiting a prior vote after they had resumed deliberations, even for the greater offenses against which the jury had already unanimously voted. *Id.* at 607–08. It

7

was for that reason that the foreperson's report on the jurors' votes prior to the end of deliberations "lacked the finality necessary to amount to an acquittal on those offenses, quite apart from any requirement that a formal verdict be returned or judgment entered." *Id.* at 608.

In *Basham*, 2011 Ark. App. 384, Basham was charged with first-degree murder, and the jury was instructed on that offense and was given the transitional instruction that allowed it to consider the lesser-included offenses of second-degree murder and manslaughter. The foreperson informed the circuit court that the jury was deadlocked, and the court asked the foreperson to write the status of the jury's deliberations on paper. He wrote "11 2nd degree [and] 1 not guilty by mental defect." 2011 Ark. App. 384, at 2. The jury resumed deliberations and later informed the court that there still was no unanimous decision. The court declared a mistrial, dismissed the jury, and entered the jury's note in the record. Before his retrial, Basham filed motions to dismiss. On the bases of the transitional jury instruction and the note indicating the jury had dropped down from first-degree murder to consider second-degree murder, Basham argued that the jury had implicitly acquitted him of the greater offense. The circuit court denied the motions, and Basham repeated his argument on appeal. *Id.* at 3–4.

Basham's argument was premised on *Green v. United States*, 355 U.S. 184 (1957), in which the Supreme Court held that a conviction on a lesser offense impliedly acquits a defendant of the greater offense. This court rejected Basham's argument that the note containing the jury's hung vote on second-degree murder signified an implicit acquittal on

the greater offense. *Basham*, 2011 Ark. App. 384, at 5–7. The court reasoned that Basham's case was not analogous to *Green* because there had been no conviction on second-degree murder in Basham's case; therefore, there had been no implied acquittal under *Green*'s holding. *Id.* at 6. This court went on in *Basham* to explain that jeopardy bars a retrial only when a defendant has been acquitted by a verdict that is final. *Id.* This court observed that there had been no verdict of acquittal duly returned and received in Basham's case under the formal practices noted in *Blueford* and Arkansas Code Annotated section 16-89-126(a) (Repl. 2005). *Basham*, 2011 Ark. App. 384, at 6.[2] "Basham's trial ended in a mistrial without a final verdict entered in the record, and there was no actual verdict of acquittal." *Id.* at 6.

Mitchell argues that *Blueford* and *Basham* demonstrate that the formal, final receipt of a verdict—not the entry of a judgment of acquittal—raises a former jeopardy bar. He points out that, in contrast with *Blueford* and *Basham*, he received verdicts of acquittal for first- and second-degree murder that were "as actual and complete as possible in Arkansas practice."

Mitchell's case is quite different from the report of the jury's votes in *Blueford* and the written vote in *Basham*. At the conclusion of the deadlocked proceedings in which the circuit court declared the mistrial, and without objection by either party, the foreperson acknowledged in open court that the jury had unanimously voted to find Mitchell not guilty of first- and second-degree murder; the jurors were polled on their not-guilty votes; and their

---

[2]Section 16-89-126(a) provides: "When the jury has agreed upon their verdict, they must be conducted into court by the officer having them in charge, their names called by the clerk, and, if they all appear, their foreman must declare their verdict."

signed verdict forms of acquittal were confirmed in open court and entered of record. The formality and finality of the jury's verdicts of acquittal on these two murder offenses could not be clearer, *see* Ark. Code Ann. § 16-89-126(a), which distinguishes Mitchell's case from *Blueford* and *Basham*.

However, as the State argues and as the circuit court observed below when it denied Mitchell's motion to dismiss, Arkansas follows the majority rule, which does not permit partial verdicts in cases where a jury deadlocks on a single charge that includes multiple degrees of offenses. *Blueford*, 2011 Ark. 8, at 9–11, 370 S.W.3d at 502. In that instance, a circuit court may not conduct a partial-verdict inquiry as to the charged offense and the lesser offenses included within it. *Id.*, 370 S.W.3d at 502.

This rule is embodied in our standard introductory and transitional jury instructions that apply to single charges that have multiple lesser-included offenses. AMI Crim. 2d 301, 302. These instructions were addressed in Blueford's case. *Blueford*, 566 U.S. at 609–10. And Mitchell's jury received the same instructions before its deliberations, along with a verdict form that allowed it to convict on first-degree murder, second-degree murder, or manslaughter or to acquit on all three offenses. As construed by the Supreme Court in *Blueford*, these instructions allow a jury only two options for its verdict in the case of a single charge that includes lesser offenses. It may "either find the defendant guilty of one of these offenses or acquit him outright," and the jury's verdict in such a case must be unanimous. *Id.* at 603. Therefore, the standard instructions did not allow Mitchell's jury "to acquit on some offenses but not others" as a matter of Arkansas law. *Id.* Accordingly, we hold that the

10

circuit court erred when it deviated from the standard instructions and allowed the jury to return a partial verdict. The question we must answer at this juncture is whether this legal error—that yielded an impermissible partial verdict of not guilty on two offenses within a single charge—voids that verdict so that the constitutional prohibition of double jeopardy does not apply.

The State argues that because the circuit court erroneously received a partial verdict, the not-guilty verdicts are legal nullities and do not prevent Mitchell's retrial for murder on double-jeopardy grounds. The State relies on *I.K. v. State*, 2018 Ark. App. 584, 564 S.W.3d 579, and *State v. Brooks*, 360 Ark. 499, 202 S.W.3d 508 (2005), for the proposition that "[t]he result of a circuit court's action taken in the absence of legal authority to take such action is a nullity." These cases, however, concerned judicial actions taken outside of the court's constitutional authority—specifically, the court's amendment of a criminal information in violation of the separation-of-powers doctrine in *I.K.*, 2018 Ark. App. 584, at 3–4, 564 S.W.3d at 581, and its unconstitutional transfer of a case outside a judicial district in *Brooks*, 360 Ark. at 504–05, 202 S.W.3d at 512. The State cites no authority that demonstrates a circuit court's deviation from the applicable jury instructions and verdict form during jury deliberations renders a jury's resulting final verdict null and void. And when considering whether the Double Jeopardy Clause mandates partial-verdict inquiries, the Supreme Court in *Blueford* held it did not and treated the circuit court's decision about whether to make such an inquiry as a matter of discretion. *Blueford*, 566 U.S. at 609–10. While the circuit

11

court's decision to undertake a partial-verdict inquiry was legal error, it was not an act outside of the court's constitutional authority that rendered the jury's two verdicts null and void.

Despite the circuit court's legal error, it followed the formal processes for the rendering of formal and final verdicts of acquittal on first- and second-degree murder. With the agreement of the parties, the jurors announced their verdict in open court; they were polled; and the verdict forms, which were signed by the foreperson and entered on the record, found Mitchell not guilty of two of the three homicide offenses included in the single charge. In both form and substance, these verdicts represented the jury's final decision, as the trier of fact, that Mitchell was not guilty of first- and second-degree murder. It, therefore, was an acquittal. *See Scott*, 437 U.S. at 91; *Martin Linen Supply Co.*, 430 U.S. at 571.

To conclude that the error that led to these verdicts deprives them of effect under double-jeopardy principles would be to elevate form over substance. As with any other form of error that results in acquittal, a defendant may not be retried on an offense for which he was acquitted. *Sanabria v. United States*, 437 U.S. 54, 74 (1978) ("[T]here is no exception permitting retrial once the defendant has been acquitted, no matter how 'egregiously erroneous' . . . the legal rulings leading to that judgment might be.").

Therefore, we hold that the circuit court erred when it denied Mitchell's motion to dismiss, which sought to prevent his retrial on first- and second-degree murder on double-jeopardy grounds. Accordingly, we reverse.

Reversed.

THYER and BROWN, JJ., agree.

12

*David R. Raupp*, Arkansas Public Defender Commission, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.