Cite as 2025 Ark. App. 552

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-25-10

| | | |
|---|---|---|
| MINOR CHILD | APPELLANT | Opinion Delivered November 19, 2025 |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35JV-24-44] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE EARNEST E. BROWN, JR., JUDGE |
| | | REVERSED AND VACATED |

### N. MARK KLAPPENBACH, Chief Judge

Appellant was a minor child at the time he was alleged to have committed capital murder, aggravated robbery, and terroristic act. He was ultimately adjudicated delinquent on all the charges in the juvenile division of the Jefferson County Circuit Court and committed to the Division of Youth Services (DYS). Appellant appeals his adjudications. We reverse and vacate the adjudications.

Appellant was initially charged in the criminal division of the Jefferson County Circuit Court with capital murder, aggravated robbery, terroristic act, and a firearm enhancement. Following a hearing on appellant's motion, the charges were all transferred to the juvenile division of circuit court. In the juvenile division, the court granted the State's motion to designate the case as extended juvenile jurisdiction.

The charges were tried in a bench trial. At the conclusion of the trial, the court ruled that it was dismissing the charges of aggravated robbery and terroristic act as well as the firearm enhancement. Referencing appellant's "level of involvement," the court "reduced" the charge of capital murder and adjudicated appellant delinquent on manslaughter. The court entered a delinquency order on September 11, 2024, reflecting its bench ruling that the charge of capital murder was reduced to manslaughter, of which appellant was guilty, and dismissing all other charges. A disposition hearing was set for September 19, and appellant was ordered to remain detained pending disposition.

On September 17, appellant filed a "Motion to Dismiss Crime Not Charged." Appellant argued that manslaughter is not a lesser-included offense of capital felony murder, and a defendant may not be convicted of a felony for which he was not charged or that is not a lesser-included offense of the one charged. Appellant also argued that he could not be retried on the original charges because of the protections afforded to him by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution.

At the September 19 hearing, the court denied appellant's motion, stating that "the law allows us to correct an improper sentence." The court found that it had not dismissed the capital-murder charge, that the capital-murder charge was "reinstated," and that appellant was now adjudicated delinquent on that charge. Without conducting the disposition hearing, the court committed appellant to DYS. An order was entered that same day denying appellant's motion, setting aside the September 11 delinquency order, reinstating all charges,

and adjudicating appellant delinquent on all counts. The court entered a separate amended delinquency order finding appellant guilty of capital murder, aggravated robbery, terroristic act, and a firearm enhancement.

On September 25, 2024, appellant filed a "Motion to Set Aside Illegal Verdict and Motion to Reconsider Motion to Dismiss." Appellant argued that the circuit court's authority to correct an illegal sentence did not authorize it to modify an acquittal, that its reversal of the acquittals violates due-process and double-jeopardy protections, and that its reinstatement of previously dismissed charges was void as a matter of law.

On October 10, 2024, appellant filed a notice of appeal from the September 11 delinquency order, the September 19 order denying his motion to dismiss, the September 19 amended delinquency order, and the September 19 order of DYS commitment. On October 11, 2024, the court entered an order denying appellant's motion to set aside and motion to reconsider. On October 25, 2024, appellant filed an amended notice of appeal stating that he was appealing from the same orders listed in his original notice of appeal and the "[d]eemed denied Motion to Set Aside Verdict under Ark. Code Ann. § 16-89-130, filed on September 25, 2024. (Deemed denied on October 25, 2024.)"

On appeal, appellant argues that the circuit court (1) erred in denying his motion to dismiss the manslaughter adjudication; (2) violated double-jeopardy protections in adjudicating him delinquent on previously dismissed charges; and (3) erred in summarily committing him to DYS without conducting a disposition hearing.

We first address the State's contention that most of appellant's arguments are barred because he failed to designate the order denying his posttrial motion in his notice of appeal. As stated above, appellant's amended notice of appeal stated in part that he was appealing from the deemed denial of his motion to set aside verdict, that the motion was filed on September 25, and that the motion was deemed denied on October 25. Appellant's motion was actually denied by an order entered on October 11. The supreme court has held that when it is clear what order the appellant is appealing from given the issues raised in the notice of appeal, an inaccurate date listed for the order appealed from in the notice of appeal is merely a scrivener's error. *State v. Brown*, 2010 Ark. 483. In *Peugh v. State*, 2025 Ark. App. 104, at 4, we held that a notice of appeal from a "judgment and sentence" that designated the record of a jury trial conducted on October 26 was sufficiently clear to identify the sentencing order entered on October 30 despite the notice not specifically identifying the order by name or by date. In *McBride v. State*, 99 Ark. App. 146, 257 S.W.3d 914 (2007), we held that the notice of appeal was effective to appeal the denial of a motion for new trial that was deemed denied on March 23 even though the notice did not identify that the motion was deemed denied and instead stated that the motion was denied on March 21. Here, appellant's amended notice of appeal did not specifically identify the October 11 order denying his motion, but it was timely as to that order and stated that he was appealing the denial of his motion. We hold that the notice of appeal is effective to appeal the denial of his motion.

Turning to the merits of appellant's arguments, we agree with appellant that his adjudications violate the constitutional prohibition against double jeopardy and must be reversed and vacated.[1]  Both the Fifth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution require that no person be twice put in jeopardy of life or liberty for the same offense.  *Mitchell v. State*, 2023 Ark. App. 119, 662 S.W.3d 660.  These constitutional provisions protect criminal defendants from being subjected to a second prosecution for the same offense after an acquittal of that offense.  *Id.*[2]  This protection is also found in Arkansas Code Annotated section 5-1-112(1)(A) (Repl. 2024).  An acquittal is "a resolution, correct or not, of some or all of the factual elements of the offense charged."  *Mitchell*, 2023 Ark. App. 119, at 5, 662 S.W.3d at 664 (quoting *United States v. Martin Linen Supply*, 430 U.S. 564, 571 (1977)).  Whether based on a jury verdict of not guilty or on a ruling by a court that the evidence is insufficient to convict, a judgment of acquittal terminates jeopardy and bars retrial.  *Id.*

The finality of a verdict of acquittal is the most fundamental aspect of double-jeopardy jurisprudence.  *Penn v. State*, 57 Ark. App. 333, 945 S.W.2d 397 (1997).  Here, at the conclusion of the evidence, the circuit court granted appellant's motion to dismiss the charges of aggravated robbery and terroristic act, and an order was entered dismissing those

---

[1]As a result of this holding, it is unnecessary to address appellant's other points on appeal.

[2]It is settled that jeopardy does attach within the meaning of the Fifth Amendment, as applicable to the states under the Fourteenth Amendment, in an adjudicatory delinquency proceeding in juvenile court.  *Avery v. State*, 311 Ark. 391, 394, 844 S.W.2d 364, 366 (1993).

counts as well as the firearm enhancement. The September 11 delinquency order clearly states that those charges were dismissed. Accordingly, a clear and final adjudication of acquittal was entered on those charges. The court's subsequent order finding appellant guilty of those charges violated double-jeopardy protections as argued in appellant's motion to dismiss.

Regarding capital murder, the circuit court ruled from the bench that it was adjudicating appellant delinquent on manslaughter based on the evidence presented, and the charge of capital murder was "reduced" to manslaughter. The written order repeats this finding. This clearly appears to be an attempt to adjudicate appellant guilty of a lesser-included offense. A determination of guilt of a lesser-included offense is an acquittal of the greater inclusive offense although the conviction is subsequently set aside. Ark. Code Ann. § 5-1-112(1)(B)(ii). As argued by appellant below, however, felony manslaughter is not a lesser-included offense of capital felony murder. *Perry v. State*, 371 Ark. 170, 264 S.W.3d 498 (2007).

In *Cash v. State*, 2020 Ark. App. 556, 614 S.W.3d 891, the circuit court instructed the jury to determine whether Cash committed a rape or a sexual assault on the mistaken belief that second-degree sexual assault was a lesser-included offense of rape of a person less than fourteen years of age. The jury convicted Cash of second-degree sexual assault. On appeal, this court reversed and vacated his conviction and directed the circuit court to enter a new sentencing order reflecting that Cash was acquitted of rape. Although the defendant

6

was found guilty of an offense that was not a lesser-included offense, the acquittal of the greater offense was still valid.

Here, the September 11 delinquency order states that the court "reduces the charge of Capital Murder to Manslaughter. All other charges in this matter are hereby dismissed." We conclude that this was an acquittal because it was "a resolution, correct or not," of the capital-murder charge. *Mitchell*, 2023 Ark. App. 119, at 5, 662 S.W.3d at 664. A defendant cannot be retried on the same charge regardless of whether the defendant's acquittal was a result of the circuit court's legal error. *Carter v. State*, 365 Ark. 224, 227 S.W.3d 895 (2006). Accordingly, because appellant had been acquitted of capital murder by virtue of the September 11 delinquency order, the court's later order adjudicating appellant delinquent on this offense violated double-jeopardy protections as argued in appellant's motion to dismiss. Therefore, we reverse and vacate the amended delinquency order adjudicating appellant delinquent on the charges of capital murder, aggravated robbery, terroristic act, and a firearm enhancement.

Reversed and vacated.

HARRISON and BROWN, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew L. Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.